## Bowen v. The Troy Portable Mill Co.

1. **Partnership: JUDGMENT AFTER DISSOLUTION.** Where a partnership is dissolved during the pendency of an action against it, by the death of one of the members of the firm, the action should thereafter be prosecuted against the surviving partner, and the continuance of the action against the firm will be held irregular, and the judgment rendered therein against it vacated on proper application and showing to a court of chancery.

2. **New trial: EQUITABLE JURISDICTION.** A court of equity will direct a new trial in an action at law, in a case where such trial would have been ordered by the court wherein the judgment was rendered if timely application had therein been made, provided proper reasons are shown why such application was not made, or the grounds of equitable interference arose after the time had expired for the court wherein the action was tried to grant relief.

*Appeal from General Term, Eighth District (Johnson County).*

WEDNESDAY, JUNE 7.

ACTION in chancery for relief against a judgment at law alleged to be irregular and void and asking that, by proper decree, a new trial may be had in the action wherein the

judgment was rendered. Upon final hearing the district court dismissed plaintiff's petition; the judgment was affirmed by the general term. Plaintiff appeals to this court.

*Clark & Haddock* for the appellant.

*Fairall, Boal & Jackson* for the appellee.

BECK, J. — An action was brought by defendant, the Troy Portable Mill Co., in the district court of Scott county,

1. PARTNER-SHIP: judgment after dissolution.

in 1858, upon a promissory note against the firm of J. Bowen & Co., of which plaintiff herein was a partner. The venue of the cause as to Bowen & Co. (there being others sued with them), was changed to Johnson county, and the proceeding as to the other defendant was dismissed. In November, 1863, judgment was rendered against the firm, and defendant is about to enforce it against the property of plaintiff. This suit is brought for the purpose of declaring the judgment void and for a proper decree directing a new trial in the action wherein the judgment was rendered. There are several grounds upon which this relief is asked that need not be noticed, as the determination of one question will dispose of the case. It will be necessary to discuss only such of the facts as are involved in the point upon which we rest our conclusion. The regularity of the transfer of the case from Scott to Johnson county, the jurisdiction of the district court of the last-named county, the fact as to whether there was or was not an appearance for defendants in that court, newly discovered evidence and other matters, are discussed and made to assume great prominence in the arguments of counsel. We are relieved of the consideration of these subjects.

The firm of Bowen & Co., against whom the action was brought and judgment finally rendered, was composed of

plaintiff herein and one Leuduman, who died in August, 1863, three or four months before the rendition of the judgment. No notice was taken of his decease in the proceedings, and the action was prosecuted and judgment rendered as though he were then surviving. This was erroneous and irregular.

Upon the death of a member of a firm the partnership is dissolved, and actions upon claims against the firm should thereafter be brought and prosecuted against the surviving partner. Upon the dissolution of a firm, the artificial person created by the partnership ceases to exist, and there cannot, for that reason, be a suit maintained or judgment rendered against it after its existence has terminated. This is a familiar doctrine of the law, and is not controverted in this case. But it is insisted that the judgment is simply erroneous, irregular, and is not void; that the irregularities are not of a character to affect the validity of the judgment. Without passing upon the question as to the effect of the death of Leuduman upon the judgment subsequently rendered, whether it is for that reason void or voidable, we will consider it as voidable only, and upon that view determine the case. It cannot be disputed that, if application had been made to the district court within proper time, a new trial would have been awarded, on account of the irregularity in rendering judgment after the dissolution of the firm by the death of Leuduman. It is admitted by defendants' counsel that the judgment was irregularly rendered. Such an irregularity cannot be presumed to be without prejudice and injustice to the defendants in that suit, in fact, it will rather be presumed, in the absence of a contrary showing, that injustice did result therefrom. The judgment is without authority of law, and must be regarded as an encroachment upon the rights of those affected by it. The court rendering it, therefore, if an application had been made within the proper time, would have set it aside, and ordered a new trial.

Bowen v. The Troy Portable Mill Co.

Now, we understand that chancery will direct new trials in actions at law in cases where such trials would 2. NEW TRIAL: have been ordered by the courts wherein equitable jurisdiction. the actions were tried, if timely applications had been made, provided proper reasons are shown why such applications were not made, or the grounds upon which the interference of chancery is claimed arose after the courts of law were deprived of the power to grant the relief. See *Hoskins* v. *Hattenback & Charles*, 14 Iowa, 314, and authorities cited.

It is not disputed that, when this suit was instituted, the time for making application for a new trial in the court wherein the judgment was rendered had expired, and that the illegality in the proceeding could not have been corrected by appeal. And it clearly appears that, at the time of the rendition of the judgment, plaintiff was absent in the actual military service of the Union, and had no knowledge thereof. He remained absent in the service of the country, and ignorant of the judgment, until about the time this action was commenced. It was brought with proper diligence after he was informed of the rendition of the judgment.

Plaintiff is without relief unless it be given in this action. His answer filed in the case wherein judgment was rendered, sets up a meritorious defense; the evidence in this case shows that it was made in good faith. We express no opinion as to the weight or effect of that evidence in support of the defense. In our opinion, the plaintiff is entitled to the relief claimed in his petition. The judgment of the court below will be reversed, and a proper decree will be entered in this court, directing a new trial of the action at law.

Reversed.

MILLER, J., having been of counsel in the cause, took no part in its determination.