## Young et ux. v. Tucker et al.

1. **Fraud:** PARTITION: EQUITY. Equity will award relief from a decree in an action for partition, which, through the fraud of one of the parties, divided and distributed the land in violation of the rights of the others, as settled by the pleadings and interlocutory orders.

2. ————: PLEADING: PRACTICE. A decree procured through fraud cannot be pleaded in another action as an adjudication which will cut off the rights of the adverse party, who was also a party to the other proceeding, and be binding upon him.

3. **Practice:** EQUITABLE JURISDICTION: ACTION. When equity has jurisdiction of the persons and subject matter of an action, it will not dismiss the cause and compel the parties to seek relief in another proceeding.

*Appeal from Greene District Court.*

THURSDAY, OCTOBER 22.

IN EQUITY. The petition alleges that the petitioner, Sarah, is the widow of William S. Jones, who died in 1855, seized of 400 acres of land and left surviving him three heirs, Geraldine, Joseph and Huldah; that she became entitled to dower in said land to the extent of one-third thereof for life; that in 1856 Huldah died unmarried, and her interest descended to the plaintiff, Sarah, for life, remainder in fee to the surviving heirs,

and that in 1866 Joseph died unmarried and his interest descended to Sarah for life and remainder in fee to Geraldine. In 1865 the surviving heir, Geraldine, married and contracted to sell forty acres of her undivided interest to one Summers, who transferred his claim to plaintiff, Abraham; subsequently the plaintiffs intermarried. In 1866, before the death of Joseph, Geraldine and her husband conveyed to Jesse Perkins the share she inherited from her father, one-third of the lands, less the forty acres contracted to Summers. Perkins conveyed his interest to defendant, Tucker.

In 1867 Tucker instituted proceedings in the court where this suit was commenced to partition the said lands. From his petition, which is made an exhibit to plaintiffs' petition, it appears that he claims that he and Summers owned an undivided one-third—Summers' interest being to the extent ' of forty acres. The court, at the May term, 1867, adjudged that plaintiff, Sarah, was entitled to dower interest in the lands, to the extent of one-third of their value, for her life, and that she was entitled to the interests of Joseph and Huldah; that Abraham was entitled to forty acres and Tucker to the remainder, and referees were appointed to make partition of the lands and allow Sarah for improvements made by her thereon.

A report was made at the September term, 1868, by the referees, to the effect that they had set apart to Sarah 134 acres of land as her dower, and 175 acres as the interest she held under Joseph and Huldah, to Abraham 40 acres, and to Tucker 50 acres.

From the record of the decree, under which the referees acted, which is an exhibit to the petition, it appears that they were directed to consider the value of improvements made by Sarah upon the lands, and allow her therefor in making the partition. They report that they considered the improvements and allowed Sarah for them in making a division of the land.

Tucker moved to set aside the report of the referees, and thereon the court directed them to make a new report, allotting to Tucker the fee simple title in all the lands covered by the dower of Sarah, subject to her life estate.

At the April term, 1869, the referees having failed to report as directed, their report before filed was amended by the court as ordered, and thus approved. Partition of the lands was accordingly made to conform with the report thus amended by the court, and the interests confirmed to the parties.

It is alleged that at the September term, 1868, plaintiffs were not present and wholly relied upon their counsel to protect their interests; that during said term, as well as before and after, he was dangerously sick and wholly unable to give any attention to business, which was wholly unknown to plaintiffs; that neither the plaintiffs nor their attorneys knew of the order thus made in their case, and supposed that the rights of the parties had been fully and rightfully determined, and did not discover the contrary until 1871; that the value of Sarah's interest in the lands of which she is deprived is $2000, and that the decree and order by the court, under which Tucker was declared to hold the fee simple title of the lands assigned to her for dower, was procured by him through fraud. The relief prayed for is, that the proceedings in the partition suit be reviewed, and the decree so amended that Sarah may be secured in her just rights.

Perkins, as an intervenor, filed a petition setting up that, under a deed executed to him by Geraldine prior to her conveyance to plaintiff, Sarah, he held the fee simple title to the interests of Huldah and Joseph, subject to the life estate of Sarah, being 266⅔ acres. The deed, under which he claims, is made an exhibit to his petition. He asks that his interest be set off to him and his title confirmed.

Plaintiffs replied to the petition of the intervenor, alleging that the deed, under which he claims, was obtained by fraud, and is utterly void for that reason. The substance of the answer need not be further stated.

Defendant, Tucker, demurred to plaintiffs' petition on the ground that it does not allege facts sufficient to give the court jurisdiction, or to entitle plaintiffs to relief, and that the matters alleged therein had been fully adjudicated in the partition proceedings. The demurrer was sustained, and the plaintiffs

electing to stand upon their petition without amendment, it was dismissed.

The petition of intervenor was also dismissed without prejudice. Plaintiffs and the intervenor, Perkins, appeal separately.

*H. C. Henderson*, and *Henderson & Howard*, for plaintiffs.

*Jackson & Potter*, for defendant and intervenor.

BECK, J.—It cannot be doubted that the decree of partition, upon the report of the referees as amended by the court, confirming the interests of the different parties as therein declared, failed to give plaintiff, Sarah, her full interest and right in the land as settled by the interlocutory order and admitted by the petition of Tucker. She was, as is shown by the proceedings, originally entitled to dower in all the lands, being a life estate in one-third in value of the same. She subsequently acquired the interest of two of the heirs, which was the fee simple title to the undivided two-thirds of the land. Her life estate in this undivided two-thirds merged in the fee, held by her. She was, therefore, entitled to have set apart to her two-thirds of the land in fee simple, and a life estate, as dower, in one-third in value of the remaining one-third. But by the final decree of partition she receives 175 acres in fee, and 134 acres for life. Tucker, who was entitled to receive in the partition one-third, less forty acres, subject to the dower estate, is awarded by the decree 50 acres in fee exempt from the dower estate, and 134 acres subject to the life estate. Sarah should have received 266⅔ acres in fee and a dower estate in 133⅓, and Tucker should have been awarded 93⅓ acres subject to Sarah's life estate in one-third of it. The decree did not, therefore, partition the lands according to the true interests and rights

1. FRAUD: of the parties as settled by the pleadings and the
partition:
equity. interlocutory order. It deprives plaintiff of valuable property. The petition alleges that this resulted from the fraud of Tucker. It cannot be doubted that, if plaintiff establish her allegations, equity will award relief. The

demurrer admits the truth of all matters properly charged to the petition. It should have been overruled.

The defendant cannot plead the decree, if fraudulent, as an adjudication which will cut off plaintiff's rights. That adju-

2. ——: ——: dication, as charged in the petition, was procured
pleading:
practice. by the fraud of defendant, and is not binding on plaintiff. Equity always stands ready to defeat fraudulent purposes, and to restore claimants to rights of which they have been deprived through fraud. The time for appeal, in this particular case, having passed, and plaintiff being without other remedy, chancery will afford relief. *Hoskins v. Hollenback et al.* 14 Iowa, 314; *Patridge v. Harrow & Harrow*, 27 Iowa, 97; *Brown v. The Troy Portable Mill Co.*, 31 Iowa, 460.

II. Plaintiffs insist that the intervenor cannot be heard in this proceeding, and that his petition was correctly dismissed.

The relief claimed by plaintiff cannot be granted without setting aside the decree of partition. If that be done, the

3. EQUITABLE court must determine the titles of the respective
JURISDIC-
TION: action. parties to the land. Any such determination could not affect Perkins' claim, unless he be a party to the action. Should the cause be heard without his appearance, he could bring his action against the plaintiff for the land claimed by him. If he be made a party, his rights may be determined in this action. Equity will not send a party from its bar to begin a new suit, when it has jurisdiction of the persons and subject matter concerned, and can afford relief.

Perkins' interests are in conflict with plaintiff's; he has an interest, or claims to have, in the matter in litigation, and is, therefore, entitled to intervene, under Code, § 2683. The District Court, therefore, erroneously dismissed his petition.

The decree and order appealed from by plaintiffs and the intervenor are reversed, and this cause will be remanded for further proceedings not inconsistent with this opinion.

REVERSED.