THE JOLIET IRON & STEEL Co. v. THE C., C. & W. R. Co. ET AL.

1. **Equitable Jurisdiction:** INTERVENTION : EFFECT OF DECREE.   A party who has intervened in an action for the foreclosure of a mortgage, to which there are several parties defendant, will not, upon the rendering of a decree and the dismissal of all the parties save one, from whom the intervenor claims relief, lose his standing in the action.

*Appeal from Clinton District Court.*

MONDAY, JUNE 9.

ON the 19th day of November, 1875, the plaintiff filed its petition in the court below for the enforcement of a mechanic's lien, for supplies and materials furnished to the Iowa Southwestern Construction Company, defendant, and used in the construction of the railroad of the Chicago, Clinton & Western Railroad Company, defendant.   Said petition prayed the appointment of a receiver.   On the 22d day of November, 1875, E. H. Thayer was, by order of the court, duly appointed such receiver.

On the 11th day of May, 1876, Wallbaum, Bridges & Co. filed an answer and petition of intervention in the action, and afterward the court, by its order, authorized said intervenors to make new parties to the action, including the said receiver.

The intervenors averred in substance that they furnished a large amount of work, labor and material for the construction of said railroad, under a contract with the said Iowa Southwestern Construction Company and Francis E. Hinckley; that said construction company and said Hinckley were

contractors with said Chicago, Clinton & Western Railroad Company, the owner of the road; that there was a large amount due the intervenors for the work, labor and material furnished by them, and that they had perfected a mechanic's lien upon said road, and the appurtenances, for the amount due them.    They made said Francis E. Hinckley and the said receiver parties defendant to the petition of intervention, and prayed judgment against said Iowa Southwestern Construction Company and said Hinckley for the amount due them, and that their mechanic's lien be established as against all the other parties, and that it be declared prior and superior to all other liens.

On the 27th day of July, 1876, the said receiver was author- ized by an order of the court, made in said cause, to construct all the unconstructed portion of said railroad from Clinton to Iowa City, and he was empowered to borrow money and incur indebtedness not exceeding eight thousand dollars per mile upon the whole line of road, and to issue his certificates of indebtedness for such loans, and such certificates were by said order made a first lien upon said line of road, "including the road-bed, iron, right of way, rolling stock, taxes, income and earnings of said road, and all the property, rights and franchises of said road then in existence or that might there- after be acquired prior to all other claims or liens whatso- ever."

Afterward other and similar orders were made for the issue of other certificates for freight, rolling stock, etc., and all were made a lien on said line of road and all property per- taining thereto prior and superior to the claim and lien of the intervenors, Wallbaum, Bridges & Co., who, at the time of making such orders, objected and insisted that said certifi- cates should not be a lien prior to their mechanic's lien.

The receiver endeavored to complete said line of railroad, and issued certificates and incurred debts therefor to a large amount, which not being paid at maturity, a suit was brought by the South St. Louis Iron Company, intervening in behalf

of themselves and all other certificate holders, to foreclose the same upon said line of road and all its property, in which suit said Wallbaum, Bridges & Co. were duly made parties. A judgment and decree were entered for the amount due on said certificates, against all parties to said suit, and said line of road, and all property pertaining thereto, were ordered to be sold to satisfy said judgment.

On the 6th day of March, 1878, said line of road, and all the said property, including the franchises and taxes voted in aid thereof, were sold subject to redemption, under execution issued upon said judgment and decree, to Peter A. Dey, as trustee of all the certificate holders.

On the 28th day of October, 1878, the court made the following order: "It appearing by the record herein that the mechanic's lien of Wallbaum, Bridges & Co., upon the property specified in their petition of intervention herein, has been foreclosed and cut off by the orders and decree of the court hereinbefore made, since the filing of said petition, said Wallbaum, Bridges & Co. dismiss their said petition of intervention herein, as to all parties, except said Iowa Southwestern Construction Company; and the court orders said petition dismissed, except as to said Iowa Southwestern Construction Company."

On the 14th day of November, 1878, Wallbaum, Bridges & Co. filed an amendment to their answer and petition of intervention, averring in substance that since filing their original answer and petition of intervention they entered into an agreement with the said Iowa Southwestern Construction Company to submit the question as to the amount due said intervenors from said construction company to Edward H. Thayer, Milo Smith and C. H. Hudson, as arbitrators; that such arbitration was duly had, and an award made by which it was found that said construction company was indebted to said intervenors in the sum of seventeen thousand three hundred and forty-one dollars and ninety-four cents.

A copy of said award was exhibited with said amendment, and the intervenors prayed judgment against said construction company for the amount of said award, and one-half the costs thereof, as provided in the agreement of submission, and for a decree enforcing their mechanic's lien.

The said construction company appeared to said amended petition of intervention, and moved to strike out and dismiss the petition, because—

"1. The petition of intervention was originally filed by Wallbaum, Bridges & Co. in the above cause against the Joliet Iron & Steel Company, the Chicago, Clinton & Western Railroad Company, and the Iowa Southwestern Construction Company. Thereafter said intervenors dismissed their petition of intervention against all of said parties to the above submitted cause except the said Iowa Southwestern Construction Company, and seek to recover against the said Iowa Southwestern Construction Company upon a simple contract, to which no one of the parties in the above entitled cause is privy, and which contract is not involved in the litigation in the above entitled cause.

"2. Said petition of intervention, as it now stands in this cause, does not unite the intervenor with either party to the above cause against the other, nor against both parties complainant and the defendant, as required by the Code.

"3. The said petition of Wallbaum, Bridges & Co. does not show any cause for intervention as provided in the Code, nor otherwise, all of which fully appeared from the pleadings, orders and judgments in and of said cause now remaining in this court, to which reference is here made."

The court sustained the motion, and dismissed the petition of intervention as amended. From this order Wallbaum, Bridges & Co. appeal.

*Chase & Monroe*, for appellants.

*G. W. & J. T. Kretzinger*, for appellee.

The Joliet Iron & Steel Co. v. The C., C. & W. R. Co.

ROTHROCK, J.—That the averments of the original petition of intervention entitled Wallbaum, Bridges & Co. to intervene in the action cannot be questioned. They claimed a judgment against the construction company, defendant, for a large sum of money, and the establishment of a mechanic's lien prior and superior to that claimed by the plaintiff. Code, § 2683.

1. EQUITABLE jurisdiction: intervention: effect of decree.

The question to be determined is, did they lose their standing as parties to the action by the subsequent decree of foreclosure and sale of the property, upon the receiver's certificates, and the dismissal of all parties to the action except the construction company? We think they did not. In their original petition they demanded judgment against the construction company. They demand judgment now. They are entitled to a trial unless the court has, in some way, lost jurisdiction of the subject-matter. How jurisdiction was lost we are not able to see. This was an equitable action. If it had been tried before any receiver's certificates were issued, and upon the trial it had been found that the intervenors did not have a mechanic's lien, but that they were entitled to a judgment against the construction company for the amount due them, it cannot be questioned but that such judgment should have been rendered. "Equity will not send a party from its bar, to begin a new suit, when it has jurisdiction of the persons and subject-matter concerned and can afford relief." *Young v. Tucker*, 39 Iowa, 596.

The decree of foreclosure and sale disposed of all questions in the case except the claim of the intervenors against the construction company. That remained as the sole question to be determined. The subject-matter and the parties were before the court, and, it seems to us, there was no sufficient reason for sending the intervenors out of court to commence a new action which would place the parties in precisely the same position they occupied previous to the dismissal.

REVERSED.