BROWN v. BYAM ET AL.

1. **New Trial:** PETITION FOR: ORDER OF PROCEDURE UNDER. Upon the hearing of a petition for a new trial, under the first subdivision of sections 3154 and 3155 of the Code, the court should first make an order of record granting (in a proper case), a new trial, before proceeding to determine the merits of the original case upon the issues made therein.

2. **Judgment Procured by Fraud:** PETITION TO VACATE: MEASURE OF RELIEF UPON. Where plaintiff petitioned the court to "set aside, vacate and reverse" a judgment rendered against him, on the ground of fraud practiced by the defendants in procuring it, and the issues were made up as prescribed under section 3158 of the Code, nothing could be tried but the question whether the judgment should be set aside and vacated; and it was error for the court, upon the trial on such petition, to render judgment against the defendants on the issues in the original cause.

3. **Judgment:** PREJUDICIAL FRAUD IN SECURING: FACTS CONSTITUTING. The facts constituting the fraud practiced by defendants in procuring the judgment in this case considered, and *held* so prejudicial to plaintiff as to justify the vacation of the judgment against him.

4. **Practice in the Supreme Court:** COSTS OF AMENDED ABSTRACT. Where the cause was reversed in the Supreme Court, and the abstract of appellant does not seem to have been prepared in bad faith, in order to throw the burden of preparing an additional abstract on the appellee, but, on the contrary, the appellant's abstract fairly presented the questions to be determined, a motion to tax the cost of printing appellee's additional abstract to the appellant must be overruled.

*Appeal from Delaware Circuit Court.*

THURSDAY, JUNE 15.

The facts are stated in the opinion.

*John S. Peters* and *A. S. Blair*, for appellant.

*Welch & Welch*, for appellee.

SEEVERS, CH. J.—The petition states in 1872 the plaintiff commenced an action in equity against the defendants and that issues were formed therein, the substance of which are set forth in the petition. That upon the trial of said action judgment was rendered for the defendants; that upon the

trial it became, and was, a material question whether a cer-
tain deed to one Wilkinson, and another deed from him to
E. C. Lewis were genuine instruments or were false and
fraudulent, made for the purpose of cheating the plaintiff at
the instance of defendants; that on said trial there was pro-
duced and read, what purported to be the deposition of said
E. C. Lewis, but in truth, and in fact, said deposition was
sworn to by one Samuel Henton, whom the defendants pro-
cured to personate said Lewis, and that said deposition was
false; that said judgment was obtained "by and through
false and fraudulent evidence and particularly by the false
evidence of the said Henton, under the false name of Lewis
aforesaid." The relief asked is "that said judgment in said
suit rendered against this plaintiff and in favor of the defend-
ants be vacated, that said cause be opened for a new trial, and
said judgment reversed." The defendants filed an answer
and in substance denied the allegations upon which the relief
asked is based.

The trial was to the court and it was ordered and adjudged
"that the judgment and decree rendered against the plaintiff
and in favor of the defendants in the original suit of Jacob
Brown against Philander Byam and Ester I. Byam be and
the same is set aside, vacated and reversed, as prayed by the
plaintiff," and the court proceeded to render a judgment
against the defendants and granted the other relief asked in
the original action.

The defendants excepted, and appeal. Errors have been
assigned which are sufficiently specific to present the ques-
tions discussed by counsel for appellant, by whom it is in-
sisted: That the court erred in rendering judgment against
the defendants as asked in the original petition; that no such
relief was asked, and all the court could do under the petition
in this proceeding was to set aside and vacate the judgment
and make such order in relation to the retrial as was just and
equitable.

It is provided by statute that the District or Circuit Court shall have power after the term at which a judgment is rendered to "vacate or modify such judgment."

*First.* "By granting a new trial for the cause within the time and in the manner prescribed by the sections on new trials.

\*      \*      \*      \*

\*      \*      \*      \*

*Fourth.* "For fraud practiced by the successful party in obtaining the judgment or order."    \*    \*    \*

Section 3155 of the Code, provides when the grounds of the new trial are not discovered until after the term the application must be made by petition, and the facts stated therein shall be deemed denied and the case shall be tried as on ordinary proceeding. In section 2837 a new trial is defined and the grounds upon which it may be granted stated, among which is that of newly discovered evidence. Counsel for the appellee insists this proceeding was commenced under the first subdivision of section 3154 and section 3155, for a new trial as therein provided, and when the petition is filed and no objection is made thereto, the new trial is granted, and the court should proceed to determine the merits of the case as presented in the original petition under the issues formed. Conceding the premises to be correct the conclusion, we think, cannot be sustained.

The filing of a petition for a new trial cannot have any greater force and effect than would a motion seeking the same thing, when filed within the time prescribed by statute. Before there can be a new trial the court must make an order granting it, which should be entered of record among the proceedings of the court. The petition for a new trial is deemed denied by operation of law. It is therefore unnecessary for the party to object thereto in an answer to the petition, and clearly he is not compelled to demur.

1. NEW TRIAL: petition for: order of procedure under.

Brown v. Byam.

But we do not think this is an application for a new trial as claimed by appellee. It is an application to the court to "set aside, vacate and reverse" a judgment on the ground of fraud practiced by the successful party. The petition does not ask a new trial, but it does ask that the judgment be vacated and set aside. This being the only relief asked, there was no other issue. The issues were made up as prescribed in section 3158 of the Code, which provides the "cause of the petition above shall be tried." That is, nothing can be tried but the question whether the judgment shall be set aside and vacated. This, however, cannot be done until it has been adjudged there is a valid defense or cause of action. Code, § 3159. The court shall first determine whether the judgment shall be vacated before determining there is a valid cause of action or defense. Code, § 3160. This statutory issue is embraced in every case, no matter what other issues may be made by the parties. It therefore need not be pleaded because it exists by operation of law. The statute does not contemplate when the court determines there is a valid cause of action, it should proceed to render judgment. The statute does not so provide. We understand it is not the duty of the court in such case to carefully weigh the evidence and determine upon which side there is a preponderance, but to examine the evidence produced, and therefrom in connection with the evidence introduced on the former trial, determine whether there is reasonable ground to believe a different result will be reached upon a retrial. In other words, in the present case has the plaintiff been prejudiced by the fraud of the defendants? Not that this must certainly appear, but is there reasonable ground to so believe? If there are doubts as to this, we incline to think they should be resolved in favor of the plaintiff. The fraud having been clearly shown, a presumption of prejudice should follow, unless the court is able to say from the record the prejudice was not material. In actions at law the parties would have the right to trial by jury in the main action, but not in pro-

*(margin note: 2. JUDGMENT procured by fraud : petition to vacate: measure of relief upon.)*

ceedings of this character. *Carpenter v. Brown*, 50 Iowa, 451. This affords an additional reason why the court should not in such cases determine disputed questions of fact which would be a finality to the controversy, unless the case was such the court would be warranted in granting a new trial if the jury found contrary to the view of the court. In such a case the court should and no doubt would say a new trial should not be granted, because the same result would be reached on another trial. This same rule, we think, should prevail in equity. The statute, however, contemplates proceedings of this character should be tried as actions at law. In view of this statute, we do no think it can be said this was treated and tried as an equitable proceeding. The evidence was taken down in writing, but this could have been done in any event. We are unwilling to say either party should be in any respect prejudiced because of the mere form in which the evidence was taken. The court in rendering judgment against the defendants erred.

II. The next question is whether the fraud of the defendants was in fact prejudicial. That the court thought it was, is undoubtedly true. The proceeding being at law and so tried, the usual presumptions should prevail in favor of the judgment of the court. But conceding the case was treated and tried as an equity cause and should be tried *de novo* here, the finding of the court in this respect is correct. Without taking up the time or space that would be required to state at length the scope and effect of the evidence upon which reliance is placed, we deem it sufficient to state our conclusions. *First.* The fraud of Philander Byam is clearly shown; *Second.* All the material facts in the depositions purporting to be that of Lewis are false; *Third.* There was some evidence on the former trial tending to show complicity between Byam and Wilkinson, or that the former procured some one to personate the latter. Now the fact that Byam did perpetrate the fraud of procuring Henton to personate Lewis and swear falsely, should

*3. JUDGMENT: prejudicial fraud in procuring: facts constituting.*

have some effect in the consideration of the evidence and the weight to be given thereto. It being sufficient for us to be able to say there is reasonable grounds to believe the plaintiff has a valid cause of action and that a different result may be reasonably anticipated on the retrial.

A motion is made by the appellee to tax the costs of printing his additional or amended abstract to the appellants, upon

4. PRACTICE in supreme court: costs of amended abstract.

the ground the abstract prepared by appellants was so unfairly and imperfectly prepared as to render the one printed by appellee absolutely essential to the proper presentation of the case. We are satisfied the abstract was not prepared in bad faith or that it was purposely done to throw the burden of preparing an additional abstract on the plaintiff. On the contrary, we think the abstract of the appellant fairly presented the questions to be determined. The motion must be overruled. So much only of the judgment of the court following the setting aside of the former judgment will be

REVERSED.