McConkey v. Lamb et al.

## McConkey v. Lamb et al.

1. Judgment: MODIFICATION AS TO AMOUNT: GROUNDS OF. A judgment can be modified, as to the amount of recovery, in a court of equity, only upon some of the grounds specified in the third, fourth or seventh subdivisions of § 3154 of the Code, which are for mistake or omission of the clerk, fraud by the successful party in obtaining the judgment, and unavoidable casualty or misfortune preventing the party from prosecuting or defending. Consequently, a judgment cannot be thus modified where the judgment defendant appeared by attorney whose authority is not denied, and consented to the amount for which judgment should be rendered, and it was rendered for that amount, though for more than was actually due, and there was no fraud practiced by the judgment plaintiff.

2. ———: ———: STAYING EXECUTION: GROUND OF. A judgment in the foreclosure of a mortgage, providing for the sale of property under a special execution, will not be modified in equity so as to stay the execution, on the ground that the judgment was for purchase-money of the land, and that plaintiff did not have title to a portion of the land, and that defendant did not know of such fact till after the judgment was rendered,—it not appearing that there was any fraudulent concealment of that fact from the defendant, nor that she could not by diligence have ascertained the fact before the judgment was entered.

3. Mortgage: FORECLOSURE: PARTIAL PAYMENT: SALE FOR WHOLE: REDEMPTION. Where the judgment debtor in a mortgage foreclosure paid a part of the judgment, but credit was not given therefor, and the judgment creditor caused the land to be sold for the whole amount, and bid it in himself, but the judgment debtor did not, within the year allowed by the statute, offer to redeem by paying to the creditor the residue that was justly due him on the judgment, *held* that the debtor could not afterwards invoke the aid of a court of equity to enable her to redeem.

*Appeal from Polk Circuit Court.*

FRIDAY, JUNE 10.

ACTION in equity to modify a judgment, and set aside a sale of real estate thereunder. The circuit court sustained a demurrer to the petition, and from that order plaintiff appeals.

*Cole, McVey & Clark,* for appellant.

*W. G. Harvison,* for appellee.

REED, J.—It is alleged in the petition that plaintiff purchased of defendant a certain tract of real estate, at the

agreed price of $1,495.50, a portion of which she paid at the time the contract was entered into, and that defendant gave her a title-bond, by which he obligated himself to convey the premises to her on the payment of the deferred installments of the price, the amounts of which, and the times of payment, were designated in the bond; that she afterwards paid the first installment when it became due, but made default in the payment of an installment subsequently falling due, and that defendant thereupon instituted a suit for the foreclosure of the bond; that he obtained a judgment in such suit, but that the amount of such judgment was largely in excess of the amount which was actually due on the bond; that plaintiff subsequently paid to the defendant, to be applied in satisfaction of said judgment, the sum of $700, but that he neglected to give her credit therefor on the judgment, and that he afterwards caused a special execution to be issued on the judgment for the sale of said real estate, and that he bid the same in at the sale thereunder, and received a certificate of purchase from the sheriff. It is also averred that defendant did not have title to a portion of the real estate, and that this fact was unknown to plaintiff when the judgment was rendered, and did not come to her knowledge until more than one year after that; also that plaintiff did not learn for more than one year after the rendition of the judgment that it was for an amount in excess of what was due upon the bond.

The prayer of the petition is that the judgment be modified by reducing the amount thereof to the sum actually due upon the bond, and by adding thereto a provision that execution shall not issue for its enforcement until defendant procures title to that portion of the real estate to which he does not hold the title, and that the sale of the real estate on the special execution be set aside, and the amount paid by plaintiff subsequent to the rendition of the judgment in satisfaction thereof be credited thereon.

I. The power to vacate or modify a judgment after its

rendition is conferred on the district and circuit courts by section 3154 of the Code, and the grounds upon which such vacation or modification may be made are also prescribed in that section. It is provided by section 3155 that, where the grounds for vacating or modifying the judgment could not with reasonable diligence have been discovered at the term at which it was entered, but are afterwards discovered, the application must be by petition, filed not later than the second term after the discovery, but that no such petition can be filed after the expiration of one year from the rendition of the judgment.

1. JUDGMENT: modification as to amount: ground of.

The petition in this case was filed after the expiration of one year, and one of the grounds of the demurrer is that no relief can be granted against the judgment because of that fact. It has been held, however, that courts of equity have jurisdiction to grant relief against judgments, in certain cases. where the ground of relief is not discovered until after the expiration of one year from the rendition of the judgment. *Young v. Tucker*, 39 Iowa, 596; *District Tp. of Newton v. White*, 42 Id., 608; *Lumpkin v. Snook*, 63 Id., 515. It is said in the last case, however, that the extent of the jurisdiction of the court of equity is to grant relief on the grounds enumerated in section 3154. The question whether the judgment can be modified, then, depends upon whether the facts alleged in the petition bring the case within the provisions of that section. We are clearly of the opinion that they do not. The judgment is referred to and made part of the petition, and the record entry is set out in an amended abstract filed by the appellee. It is shown by the judgment that, while the plaintiff did not file an answer in the cause in which it was entered, an attorney appeared for her at the hearing, and consented to the judgment, and that the amount of the indebtedness was agreed upon by the parties, and the judgment is for that amount. Now, the authority of the attorney to appear for her and bind her by the agreement as to the amount of the indebtedness, and to consent

to the entry of judgment, is not denied in the petition. Nor is it averred that defendant was guilty of any fraud or concealment as to the amount of the indebtedness. It is averred, simply, that the judgment is for an amount in excess of what was actually due.

The judgment could be modified, as to the amount of the recovery, only upon some of the grounds specified in the third, fourth or seventh subdivisions of the section, which are for mistake or omission of the clerk, fraud by the successful party in obtaining the judgment, and unavoidable casualty or misfortune preventing the party from prosecuting or defending. None of these grounds is shown to exist, either by general averment, or by statement of facts in the petition.

The petition is equally barren of averments as to the other fact relied on. It is simply alleged that defendant did not

2. ——: ——:
staying execution:
grounds of.

have title to a portion of the real estate which he contracted to sell plaintiff, and that she had no knowledge of that fact for more than one year after the judgment was obtained. It is not averred that there was any fraudulent concealment of the fact from her; nor is it shown that she could not have ascertained the fact by inquiry or examination before the judgment was rendered. Having failed by her own negligence to ascertain it in time to plead it as a defense in the action, she is remitted to such remedy as the law will afford her in an ordinary action for damages. Equity will not now open the judgment in order to give her the advantage of it; but the judgment must be regarded as a final determination of the rights of the parties as to all matters that were involved in the litigation.

It is alleged in the petition that defendant is insolvent. But that is immaterial, as plaintiff might have pleaded the fact before the judgment was rendered, but neglected to do so. She is not now entitled to have it modified for her protection against defendant's insolvency.

II. If plaintiff had sought to redeem the property from the sale, she would have been entitled to. credit for the money paid by her to defendant after the rendition of the judgment, and before the sale, and which was not credited on the judgment. But she does not seek to redeem. True, she avers that she is ready and willing to pay any sum that may be found due the defendant, and her petition contains a prayer for general relief. But the right of redemption can be exercised only within the time and in the manner prescribed by the statute. When the property was sold, something remained due upon the judgment. The amount which she alleges she paid was not sufficient to satisfy it. The property was therefore subject to be sold for the balance due upon the judgment. The amount, in addition to the sum paid, which was necessary to be paid to effect the redemption, was easy to be ascertained. If that amount had been tendered or brought into court, to be applied in making redemption during the year allowed by the statute within which to make the redemption, judgment could have been entered upon the allegations of the petition, under the prayer for general relief, declaring that the redemption was accomplished. But she made no tender; neither did she bring any money into court; and the time within which redemption might be made has expired. It is clear, therefore, that she is not now entitled to redeem.

*3. MORTGAGE: foreclosure: partial payment: sale for whole: redemption.*

As was stated above, the property was subject to be sold in satisfaction of the balance due on the judgment. No irregularities or illegalities in the proceedings of the sale are shown. There is therefore no ground for setting it aside. Plaintiff's remedy was to redeem the property from the sale. But she has failed to exercise that right within the time prescribed by the statute, and she is consequently without remedy.

AFFIRMED.