BYRON W. CLARK, Appellee, v. EUGENE S. ELLSWORTH, Appellant.

1. Judgment: FRAUD: EQUITABLE RELIEF. Where in an action, aided by attachment, commenced by an agent against his non-resident employer, service of notice was made by publication, and the agent, though knowing his employer's address, failed to notify him of the pendency of the action, concealed an important fact bearing upon the amount he was entitled to recover, and studiously concealed from his employer the fact of his having obtained judgment until the expiration of the two years within which a new trial could be applied for under the statute, held, that the circumstances were such as to warrant the interference of a court of equity by setting aside the judgment and granting a new trial.

2. ———: ———: ———. The relief which a court of equity may grant in such case, however, is limited by the provisions of the statute providing for a new trial in favor of a defendant served by publication only, and the judgment complained of should not be set aside or modified until the petitioner shall show himself entitled to such relief upon a retrial.

*Appeal from Ringgold District Court.*—HON. R. C. HENRY, Judge.

WEDNESDAY, FEBRUARY 3, 1892.

ACTION in equity to set aside a judgment, and to permit the plaintiff to appear and defend, and to set aside a sheriff's deed made to the defendant for certain lands sold under execution upon said judgment. A decree was entered, setting aside the judgment and sheriff's sale and deed, and confirming title to the land in the plaintiff and for costs against the defendant. The defendant appeals.—*Reversed*.

*Nagle & Birdsall*, for appellant.

*R. H. Spence* and *Laughlin & Campbell*, for appellee.

GIVEN, J.—I. The following statement of the facts made by the appellant is conceded and found to be substantially correct, and, with those hereafter noticed, will be sufficient for an understanding of the questions presented:

On the thirteenth day of September, 1878, the plaintiff and the defendant entered into a written contract

1. JUDGMENT: fraud: equitable relief.

for the purchase and sale of lands in Iowa, by the terms of which it was agreed that the plaintiff Clark should buy and sell through the recommendation and assistance of the defendant Ellsworth. Clark was to allow and pay Ellsworth for his services one third of the net profits realized on the sales. Clark was to be first reimbursed for the purchase money and taxes paid, with interest upon the same at ten per cent. from date of payments, and the balance to be divided—two thirds to Clark and one third to Ellsworth. Under this contract lands were purchased in Hardin, Wright and Pocahontas counties. The lands in Hardin and Wright counties had all been sold and the proceeds divided before the commencement of the action out of which this case grows. Under the contract, Ellsworth negotiated for Clark the purchase of four hundred and eighty acres of land in Pocahontas county at two dollars per acre and taxes of

1878, forty-four dollars and fifty-two cents, making the purchase price one thousand and four dollars and fifty-two cents. The purchase price was paid by Clark on November 30, 1878, and deed for the land taken in his name. On August 16, 1884, Clark conveyed this land to his son, Courtland C. Clark, and the deed was placed upon record on April 21, 1885; but he never notified Ellsworth of the transfer or rendered any account of profits. On the twenty-seventh day of May, 1885, Ellsworth commenced an action against Clark in the district court of Ringgold county, Iowa, to recover his share of the profits in said Pocahontas county lands, and caused an attachment to be issued in said action and levied upon the west half of the northwest quarter of section 19, township 70, range 30; and in said petition Ellsworth averred that the Pocahontas lands, at the time Clark conveyed them to his son, were worth forty-three hundred and twenty dollars, and that Clark owed him, for his share of the profits, eight hundred and three dollars and thirty-three cents. Clark was a non-resident, and service was made by publication. Upon a trial had in said cause at the October term, 1885, thereof, the court found that Clark was indebted to Ellsworth in the sum of eight hundred and nineteen dollars and fifty cents, and ordered that the real estate attached be sold to satisfy said claim, with costs, taxed at sixteen dollars and seventy-five cents, and that a special execution issue thereon. Execution was issued and levied upon said land on November 3, 1885; and the land was sold by the sheriff thereunder in December, 1885, to Ellsworth for seven hundred dollars, and in December, 1886, the sheriff made Ellsworth a deed for said lands on said sale. Afterwards, and on April 8, 1889, Clark filed his petition in equity in this case, asking that the judgment rendered in the first action be opened up and set aside and for permission to appear and defend in said action and for other relief, averring, in substance, as a ground of relief, that Clark

was a non-resident and had no actual notice of the action, and that the judgment was procured by fraud practiced by Ellsworth; that Clark was not at the time indebted to Ellsworth in any sum, but that Ellsworth, through false testimony concerning the matters set forth in his petition, made it appear to the court that Clark was indebted to him. On September 11, 1889, the defendant filed his answer in this action, *first*, denying each and every allegation in the petition not expressly admitted; *second*, admitting the bringing of the other action, the attachment of the land, the judgment and sale and execution and deed to him, and that service was made by publication; *third*, and pleading the statute of limitations and that there are no facts set forth in the bill that entitle Clark to equitable relief.

At the April term, 1890, of said court, the cause came on for trial; and upon the trial it very clearly appeared—in fact, both sides testified—that Clark and Ellsworth entered into the contract (Exhibit D), and that Ellsworth negotiated for Clark the purchase of the four hundred and eighty acres in Pocahontas county, under said contract, for the sum of one thousand and four dollars and fifty-two cents. It also appeared that the land was worth on the sixteenth day of August, 1884, at the time Clark conveyed the same to his son, four thousand, three hundred and twenty dollars, and that Ellsworth had not been paid any part of the profits, which would make the amount due Ellsworth the amount for which he obtained judgment. Clark, however, claimed that he sold the land to his son for two thousand, five hundred dollars, and that Ellsworth's recovery should be figured on that basis, and during the trial offered to pay the same, with interest, which was declined. And the court rendered a judgment against Ellsworth in favor of Clark, setting aside the judgment, and canceling and setting aside the sheriff's sale and deed, and rendering final judgment

against Ellsworth for costs, completely wiping out his original claim,—not even granting a retrial in the original case; and from this order, judgment and decree, Ellsworth appeals.

Courts of equity have jurisdiction to grant relief against judgments obtained by fraud in cases where the fraud is not, and by the exercise of reasonable diligence would not have been, discovered by the party defrauded, until after the expiration of the time allowed in the statute for retrials. *Lumpkin v. Snook*, 63 Iowa, 517; *McConkey v. Lamb*, 71 Iowa, 636; *Carrier v. Chicago, R. I. & P. Ry. Co.*, 79 Iowa, 81. When the party entitled to the remedy has been prevented from availing himself of it, during the time allowed by the statute, by the fraud or procurement of his adversary, a court of equity has power to grant him relief. *Lumpkin v. Snook, supra.*

Our first inquiry is, whether the plaintiff has shown himself entitled to relief in equity. It is unnecessary that we here discuss the evidence at length. It is sufficient to say that it shows to our entire satisfaction that the appellant practiced a fraud in obtaining the judgment, by concealing an important fact bearing upon the amount he was entitled to recover, namely, that he had recommended a sale of the land for two thousand, five hundred dollars. Other circumstances, such as his failure to inform the appellee of the action,— knowing his address,—and his offer to enter an appearance, confirm us in the conclusion that the judgment was obtained by fraud. We are clear that the appellant studiously concealed from the appellee the fact of his having obtained this judgment until after the expiration of the two years within which the appellee could apply for a retrial under section 2877 of the Code. This is shown by the fact that during that time he left the appellee to pay the taxes on the land. Had he made payment then, as he afterwards did, it would

have put the appellee upon inquiry that would have discovered to him the judgment and sale of the land. There was nothing to cause the appellee to suspect the existence of such a judgment, and nothing to put him upon inquiry. Therefore we must say that he used all the diligence required. It appears that the appellee was first led to discover the judgment and sale of his land by the appellant paying the taxes on the land after the lapse of the two years, and that he proceeded without unnecessary delay to bring this action. We conclude that the plaintiff has brought himself within the jurisdiction of the court of equity, and that his action is not barred by the statute.

II. "The statute however defines the remedy to which the party is entitled,—whether the action be brought during the year provided by the statute or after its expiration. The jurisdiction of the court of equity is to grant relief provided by the statute, but it has power to grant such relief after the expiration of the time within which it may be sought by the proceeding prescribed by the statute." *Lumpkin v. Snook, supra.* Turning to the statute, we find that under section 2877 the appellee, having been served by publication only, and not appearing in the action, might at any time within two years after the rendition of the judgment have appeared and moved to have the action retried, and, security for the costs being given, be admitted to defend. By section 3154 the court entering the judgment had power to vacate or modify the judgment "by a new trial granted on proceedings against defendants served by publication only," as prescribed in section 2877, or "for fraud practiced by the successful party in obtaining the judgment or order." The proceedings under section 3154 and those following are by petition, and, whether upon the ground of fraud in obtaining the judgment, or that the defendant was served by publication only, must state the facts constituting a defense to the action.

The appellee's petition shows that the service was by publication only; that he had no actual notice of the action; that the judgment was obtained by fraud,—and as a defense alleges that he was not indebted to the appellant in any sum whatever, thus bringing himself clearly within the provisions of chapter 1, title 19, Code. It is not required that the court shall find the defense established by a preponderance of evidence. If there is reasonable ground of belief, from the evidence, that a different result will be reached on a retrial, that is a sufficient showing of a valid defense. *Brown v. Byam*, 59 Iowa, 55. The showing of fraud and of a defense to the action in which the judgment was rendered is, in our opinion, sufficient to entitle the plaintiff to the relief provided in the statute. The relief asked is "that said judgment be opened up and set aside and held for naught, and that this plaintiff be allowed and permitted to appear and defend against the claims of the defendant as set out in his petition, and that the sheriff's deed to the defendant be canceled and set aside, and the plaintiff be invested with the absolute title to said land." The relief authorized under section 2877 is a retrial. It is provided in that section: "Upon the new trial the court may confirm the former judgment, or may modify or set it aside, and may order the plaintiff to restore any money of such defendant paid to him under it and yet remaining in his possession, and pay to the defendant the value of any such property which may have been taken in attachment in the action under the judgment and not restored." This relief, it will be observed, is dependent upon the result of the new trial. If, upon that trial, this plaintiff fails to establish his defense to the action in which the judgment was rendered, then it must be confirmed, and the appellant's rights under it left undisturbed, but if, upon the new trial, it is found that the appellee has a valid defense to the judgment in whole or in part, then it must be modified or set aside; and in either event the appellant is

not entitled to any rights under the judgment as originally entered, and will be adjudged to restore the land.

We think the district court erred in not ordering a retrial, and in decreeing that the judgment, levy of execution and sheriff's deed be set aside, and title confirmed in the plaintiff, as it is only when the defense is established by a preponderance of evidence that the appellee is entitled to that relief. The case will be remanded for decree in conformity with this opinion. Reversed.