ELIZA GRAVES, Appellee, v. LOREN GRAVES, Appellant.

**Divorce:** ALIMONY: FRAUD: EQUITABLE RELIEF. False swearing or
1   perjury alone is not ground for setting aside a judgment for alimony; but if accompanied by any fraud, extrinsic or collateral to the matter involved in the original case, sufficient to justify the conclusion that but for such fraud the result would have been different, a new trial may be granted.

**Fraud:** EQUITABLE RELIEF. Equity may give relief from a judgment
2   obtained by fraud, after the time allowed by statute for granting a new trial, where the fraud was not discovered and by the exercise of reasonable diligence could not have been discovered within the time.

**Judgment for alimony:** MODIFICATION. A judgment for alimony is
3   conclusive upon the parties as to their circumstances at the time it was rendered, and where a new trial is granted the original decree for alimony will not be modified, except upon a retrial of that issue.

*Appeal from Bremer District Court.*— HON. CLIFFORD O. SMITH, Judge.

TUESDAY, NOVEMBER 13, 1906.

THIS is a petition for a new trial of that part of a divorce proceeding fixing alimony awarded to plaintiff in an action, brought by defendant against the plaintiff, which resulted in a decree of divorce for defendant in that action with an award of alimony upon her cross-petition filed in

| | |
|---|---|
| 132 | 199 |
| f133 | 575 |
| 133 | 578 |
| 132 | 199 |
| 134 | 474 |
| 132 | 199 |
| 136 | 133 |
| 132 | 199 |
| 137 | 154 |
| 137 | 228 |
| 137 | 628 |
| 132 | 199 |
| s138 | 18 |
| 138 | 677 |
| 132 | 199 |
| 130 | 422 |
| 142 | 392 |
| 132 | 199 |
| f143 | 152 |

that case. The trial court granted a new trial, but refused, in this proceeding, to modify that part of the original decree relating to alimony. Both parties appeal, but as defendant has denominated himself " appellant," he will be so treated. *Affirmed.*

*Sager & Sweet,* for appellant.

*Hagemann & Farwell,* for appellee.

DEEMER, J.— The original decree was entered September 27, 1902, and this action was commenced January 12, 1904. A new trial is asked because of false testimony given by defendant in the original proceeding, regarding the character and amount of his property, and fraudulent concealment of his property. He testified in the divorce action that he had a little personal property, not exceeding $50 in value, and but $40 in cash, and that he had no other real or personal property of any kind or character. It is claimed that at that time he had other property and that since that time he has acquired still more. It appears that when the divorce was granted, plaintiff had title to a house and lot valued at about $525 and upon which there was an incumbrance of $125. She has one child by defendant, living with her, which she is compelled to support. It is now claimed that defendant has property worth more than $2,000. No alimony was awarded plaintiff in the original divorce decree. A new trial and a modification of the decree with reference to alimony is asked. In answer defendant admitted that he gave testimony as alleged with reference to his property at the trial for divorce, but denies that it was false, and denies that he had, or has acquired, any other property in his own right. He admits that the records now show that he had title to a certain piece of real estate, but avers that he holds it for his brother. He also pleads laches upon plaintiff's part. Defendant also pleaded

that while plaintiff was awarded the custody of the minor child, the decree, on account of matters occurring since the date of the decree, should be modified to the extent of giving him the custody of the child. In reply, plaintiff pleaded that she did not discover defendant's fraud and false testimony until December 1, 1903, and that she exercised diligence to discover it, but was unable to do so. Upon these issues the case was tried, resulting in a denial of plaintiff's request for modification of the original decree, but awarding her a new trial of that issue.

It is contended that the court was in error in granting the new trial for the reasons: (1) That the action was not commenced within a year from the date of the original decree, according to the requirements of section 4091 et seq. of the Code, (2) that plaintiff knew of the alleged fraud and false testimony within a year and that she was negligent in not sooner prosecuting her action, (3) that the original decree is conclusive, and cannot be set aside because procured by false swearing, and (4) that the testimony to establish the alleged fraud is insufficient. Plaintiff's appeal is bottomed upon the proposition that the trial court should have modified the original award in this proceeding under section 3180 of the Code, and given her permanent alimony for the support and maintenance of herself and child. To this defendant responds by saying that such a decree cannot be modified save where there has been a change in the circumstances and conditions of the parties since the rendition of the original decree. We may premise what we have to say about the case by again stating the familiar and oft-repeated rule that the granting of a new trial rests peculiarly in the sound discretion of the trial court, and that where allowed this court should not as a rule interfere, save where there is a manifest abuse of that discretion. *Chambliss v. Haas,* 125 Iowa, 484, and cases cited. Another well-settled rule is that when allotments of alimony have once been fairly settled

1. DIVORCE: alimony: fraud: equitable relief.

any application for a change should be carefully scrutinized. *Fisher v. Fisher,* 32 Iowa, 20.

Section 4091 *et seq.* of the Code provide for a new trial upon application by petition within one year, where the final judgment or order was obtained by fraud practiced in obtaining the same. Contention is made that these statutes provide the exclusive remedy and that as the action was not commenced within one year, the application should have been denied. Ordinarily this claim is correct, but where the fraud is not discovered within a year, courts of equity have jurisdiction to grant new trials or modifications of the original decree. *Larson v. Williams,* 100 Iowa, 110; *Lumpkin v. Laub,* 71 Iowa, 636; *Clark v. Ellsworth,* 84 Iowa, 525. But the grounds for such an application must be such as would have warranted a new trial had application been made within a year. See cases cited. But it is said that false swearing or perjury upon the original trial is not such fraud as will authorize the granting of a new trial. This is undoubtedly the general rule. As there seems to be some confusion in the cases and a difference of opinion among members of the bar regarding this matter, we have deemed it advisable to quote the rule established by the great weight of authority from two or three leading cases. In *Greene v. Greene,* 2 Gray (Mass.) 361 (61 Am. Dec. 454), which was an application for the retrial of a divorce case, it is said:

When the court has jurisdiction of the subject-matter and of the parties, when both parties are domiciled in Massachusetts, and the respondent actually appears and defends, or when it appears to the court that the adverse party has been so legally summoned as to be held legally in default, if he does not appear and a decree is passed, dissolving the bond of matrimony, and no appeal, exceptions, or other step is taken to avoid the final judgment, we think it must in its nature be conclusive upon the parties. But if a new and original libel may be brought, upon the ground that a former decree was obtained by false evidence, we see nothing to

prevent the husband from bringing a third suit to reverse
the decree of reversal, on a suggestion and offer of proof
that the decree of reversal was obtained by perjury, subor-
nation of perjury and other fraud, and thus reverse the
second decree, and reinstate the original decree of divorce
*a vinculo.* To maintain an original libel, in a case like
this, would seem to be contrary to the fundamental prin-
ciples of judicial action. But we think the point here is
settled by authority, not specifically in regard to divorce,
but generally as to the conclusive effect of a judgment in a
case arising afterwards, on the same matter, between the
same parties. We take the rule to be that a judgment of a
court of competent jurisdiction, having jurisdiction of the
subject and of the parties, by legal process duly served,
where no appeal, writ of error, *certiorari,* review, or other
legal process lies, for revising, affirming, or reversing such
judgment, or where no such process is commenced, by the
party who would avoid the judgment, in the mode and with-
in the time prescribed by law, is conclusive upon the same
parties in any other proceeding in law, equity, or before
any other judicial tribunal. The maxim that fraud vitiates
every proceeding, must be taken, like other general maxims,
to apply to cases where proof of fraud is admissible. But
where the same matter has been either actually tried, or so
in issue that it might have been tried, it is not again admis-
sible; the party is estopped to set up such fraud, because the
judgment is the highest evidence, and cannot be controverted.
We have seen no reliable authority opposed to the position
above taken, that a decree of divorce *a vinculo,* where no
appeal, review, or writ of error is allowed by law, or when
the time for bringing such review or writ of error has ex-
pired, is final and conclusive upon the parties, and that an
original proceeding to set it aside, on the ground that it was
fraudulently obtained, upon false evidence, cannot be
maintained.

In *Pico v. Cohn,* 91 Cal. 129 (25 Pac. 970, 27 Pac.
537, 13 L. R. A. 336, 25 Am. St. Rep. 159), which was an
action in equity to vacate and annul a former decree on
account of false swearing and perjury, the court said:

That a former judgment or decree may be set aside
and annulled for some frauds, there can be no question; but

it must be a fraud extrinsic and collateral to the questions examined and determined in the action. And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of the rule is that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunty of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party by some extrinsic or collateral fraud, has prevented a fair submission of the controversy. What, then, is an extrinsic or collateral fraud, within the meaning of this rule? Among the instances given in books are such as these: Keeping the unsuccessful party away from the court by a false promise of compromise, or purposely keeping him in ignorance of the suit; or where an attorney fraudulently pretends to represent a party, and connives at his defeat, or being regularly employed, corruptly sells out his client's interest. *United States v. Throckmorton,* 98 U. S. 65, 66 (25 L. Ed. 93), and authorities cited. In all such instances the unsuccessful part is really prevented, by the fraudulent contrivance of his adversary, from having a trial; but when he has a trial, he must be prepared to meet and expose perjury then and there. He knows that a false claim or defense can be supported in no other way; that the very object of the trial is, if possible, to ascertain the truth from the conflict of evidence, and that, necessarily, the truth or falsity of the testimony must be determined in deciding the issue. The trial is his opportunity for making the truth appear. If, unfortunately, he fails, being overborne by perjured testimony, and if he likewise fails to show the injustice that has been done him on motion for a new trial, and the judgment is affirmed on appeal, he is without remedy. The wrong, in such a case, is, of course, a most grievous one, and no doubt the Legislature and the courts would be glad to redress it if a rule could be devised that would remedy the evil without producing mischiefs far worse than the evil to be remedied. Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice; and so the rule is that a final judgment

cannot be annulled merely because it can be shown to have been based on perjured testimony; for if this could be done once, it could be done again and again *ad infinitum.*

See, also, to the same point, *Friese v. Hummel,* 26 Ore. 145 (37 Pac. 458, 46 Am. St. Rep. 610) *Little Rock & Ft. S. Ry. Co. v. Wells,* 54 Am. St. Rep. 216, and note; *Camp v. Ward,* 69 Vt. 286 (37 Atl. 747, 60 Am. St. Rep. 929); *Hilton v. Guyot,* 159 U. S. 113 (16 Sup. Ct. 139, 40 L. Ed. 95); *U. S. v. Throckmorton,* 98 U. S. 63 (25 L. Ed. 93); and the many cases cited.

There is very little conflict in the cases upon this proposition. In Kansas and in New York a different rule seems to prevail, although in the latter State the authorities are conflicting. See *Ross v. Wood,* 70 N. Y. 8; *Smith v. Lowry,* 1 Johns. Ch. (N. Y.) 320. While there are suggestions in argument in some of our cases which seem to indicate that false swearing may be ground for vacating a judgment (see *Heathcote v. Haskins,* 74 Iowa, 566; *Brown v. Byam,* 59 Iowa, 52, yet, in neither case was the question squarely decided. In all other cases where new trials were granted, there was some active fraud, omission, or concealment, some extrinsic or collateral acts not involving the merits of the case. See cases above cited. In *Tucker v. Stewart,* 121 Iowa, 714, we said that the rule announced by the Supreme Court of the United States in U. S. v. Throckmorton, *supra,* is that uniformly followed in this State. This settles the matter for this jurisdiction, and we need only restate the doctrine; which is that false swearing or perjury alone is not ground for setting aside or vacating a judgment. But, if accompanied by any fraud extrinsic or collateral to the matter involved in the orginal case sufficient to justify the conclusion that but for such fraud the result would have been different, a new trial may be granted.

Of course, if plaintiff discovered the alleged fraud and false swearing within a year, or, by the use of reasonable

diligence on her part might have discovered it within that time, she should not be allowed to prosecute this proceeding in equity. In applying this last rule defendant's counsel argue that as a deed to some property which it is now claimed belongs to defendant was recorded on August 13, 1903, plaintiff must be held to a notice thereof, and should have brought her action within the year. But the recording of the deed did not give plaintiff notice of the alleged false swearing regarding defendant's property at the time of the trial for divorce. Plaintiff is not contending that defendant had this property at the time of the original trial. Further contention is made that plaintiff had knowledge of the alleged falsity of the testimony and of the fraudulent concealment in October of the year 1902. There is a dispute in the testimony about this matter, and we are inclined to agree with the conclusion of the trial court that plaintiff was guilty of no negligence in prosecuting her action. As to the falsity of defendant's testimony at the divorce trial and the fraudulent concealment of his property it is sufficient to say, without setting forth the evidence, that we believe he had, at least, $900 in money or its equivalent at the time he gave his testimony in the original trial which he was then fraudulently concealing and keeping away from plaintiff. The testimony fairly establishes this fact, and it also shows that at the time of the trial of this case he had something like $1,150 in money and property. In this state of the record, defendant has no cause for complaint of the action of the trial court.

*2. FRAUD: equitable relief.*

II. Plaintiff's appeal presents the question as to the right and duty of the trial court to modify the original decree as to alimony without another trial of that issue. She relies upon section 3180 of the Code which provides in substance that the court, awarding a divorce decree, may make such subsequent changes in relation to the property, parties, and maintenance of the parties as the circumstances may warrant, or as are deemed

*3. JUDGMENT FOR ALIMONY: modification.*

expedient. In construing this statute, the uniform holding has been to the effect that as the original decree is conclusive upon the parties, upon the facts and circumstances then existing or which might have been proved, no change will be made therein save where there has been a change in the circumstances of the parties after the decree is rendered. *Blythe v. Blythe,* 25 Iowa, 266; *Wilde v. Wilde,* 36 Iowa, 319; *Reid v. Reid,* 74 Iowa, 681; *Ferguson v. Ferguson,* 111 Iowa, 158. Plaintiff contends that this rule was modified in the recent case of *Crockett v. Crockett,* 132 Iowa, 388. But this is not correct as an examination of that opinion will disclose. There may be a suggestion in that case that where the care and custody of a child is concerned its interests and welfare should be paramount, but there was no thought in that case of modifying the rules of previous cases with reference to property rights. Plaintiff also contends that fraud and false swearing in procuring the original decree is good ground for modifying it under the statute quoted. But this cannot be so, else there would be no end to litigation of this character. The original decree is final and conclusive, not only as to facts then proved, but as to any which might have been proved. It is conclusive upon the parties as to their then circumstances no matter what the testimony may have been, subject, however, to be set aside for fraud. But, when set aside for fraud, the case then comes on for a retrial upon testimony to be adduced, regarding the circumstances at the time the original trial was had, and upon such evidence as to future circumstances as may be deemed important in determining the amount to be awarded as permanent alimony.

There is no testimony of any change in plaintiff's condition since the original trial, and there is no evidence of any substantial change in defendant's condition, save that, perhaps, he has $250 more than he had when the divorce was granted. As a new trial was ordered of the main case upon the question of alimony it would not only be useless,

but confusing to modify a decree which has no existence, and to make a change in that supposed award because defendant had acquired $250 since the original decree was rendered. We are of opinion that the trial court was not justified in modifying the decree as asked by plaintiff upon the record here presented.

The result is that the decree on both appeals should be, and it is, *affirmed.*