ROWLEY & Co. v. BAUGH, Mayor, *et al.*

Courts: OF MAYOR AND JUSTICE OF THE PEACE. Where an action before a mayor's court was, by agreement of both parties, continued until after the then ensuing term of the district court of the county, it was *held*, that a judgment subsequently rendered after the adjournment of the district court, in the absence of and without notice to the defendant of the day when the case would come up for trial, was irregular and without authority.

*Appeal from Mahaska District Court.*

WEDNESDAY, FEBRUARY 21.

THE plaintiffs filed in the Mahaska district court a petition alleging that on the 25th day of November, 1870, Richard Hughes commenced an action against plaintiffs, before the defendant, Geo. H. Baugh, mayor of the city of Oskaloosa, to recover the sum of $27.45. That a proper notice was issued and served on plaintiffs, requiring them to appear before said mayor on the 1st day of December, 1870, at 9 o'clock A. M. That the parties appeared at said time, and by agreement said action was continued until after the then next ensuing term of the district court of said county, which term of said court met on the third Monday in February, A. D. 1871, and adjourned before the 6th day of March, 1871.

That on the 6th day of March, 1871, the defendant, Richard Hughes, appeared before said mayor, and in the absence of the plaintiffs, and without any notice whatever to them, asked said mayor to fix said cause for hearing on the 15th day of March, 1871, on which day said Richard Hughes, by his attorney, appeared before said mayor, who proceeded to try said cause, and rendered judgment against the plaintiff for the sum of $27.33 and costs of suit, without any notice to the plaintiffs or their attorney. That

VOL. XXXIII. —26.

neither plaintiffs nor their attorneys had any knowledge of the setting of said cause for trial, or the hearing before said mayor, or the rendition of said judgment until more than sixty days had elapsed after said judgment was rendered.

The petition prays that a writ of *certiorari* be granted requiring said mayor to certify to said court the record and proceedings, and that the court will annul said proceedings.

A demurrer was filed setting forth the following special grounds :

" The petition shows that the plaintiff has lost his remedy by his own neglect."

" The petition does not show that plaintiff has a meritorious defense to said Richard Hughes' cause of action."

The demurrer was sustained, and the writ of *certiorari* refused. Plaintiffs appeal.

*Seevers & Cutts* for the appellants.

*Liston McMillan* for the appellees.

DAY, J.—I. It is claimed that the plaintiffs' remedy was by appeal or writ of error, and that, having permitted the time to elapse within which an appeal could be taken or a writ of error sued out, the remedy is gone by their own neglect. The petition, however, alleges that plaintiffs had no knowledge of the judgment against them until long after the time for appeal or writ of error had passed. To this it is replied that it was plaintiffs' duty to know of the judgment, and that they did not know was because of their negligence. We think otherwise. The cause was by consent continued " until after the then next ensuing term of the district court of said county." Neither day nor hour was fixed. If it should be conceded that a continuance so indefinite did not work a discontinuance of the cause and entirely oust the jurisdiction of the court, it cannot be claimed that it was the duty of the defendant to appear from day to day, in order to ascertain when it might

suit the convenience of the plaintiff to call up the case for determination. The plaintiff was the actor. It was he who was invoking the jurisdiction of the court, and seeking to put in exercise its functions in order to the attainment of affirmative relief. Hence, it was his duty to notify the defendant of the time when he would invoke the powers of the court. And until he received such notice the defendant might rest in safety. He was not, therefore, guilty of negligence in not learning of the existence of the judgment in time to appeal or sue out a writ of error.

II. The next point made is that the petition does not show that plaintiff has a meritorious defense to said Richard Hughes' cause of action.

We do not deem it necessary that such showing should be made in this action. This is not simply a case of judgment by default. It is a case in which the court rendering the judgment had no jurisdiction over the person of the defendant, from which fact the judgment is void.

The court erred in sustaining the demurrer and refusing the writ.

Reversed.