## LUMPKIN ET AL. V. SNOOK.

1. **Judgment**: VACATION OF FOR FRAUD: RELIEF IN EQUITY AFTER ONE YEAR: CONDITIONS OF.  Where one who is enlitled to have a judgment against him set aside on account of fraud, under sub-division 4, section 3154, of the Code, is prevented by the fraud or procurement of his adversary from bringing his action therefor within the time prescribed by section 3157 of the Code, a court of equity will, upon a proper showing, grant him relief after that time; (*Young v. Tucker*, 39 Iowa, 596; *District Township of Newton v. White*, 42 Id., 608;) but as a basis for such relief he must bring himself within the terms of the statute.

2. ———: ———: FACTS NOT ENTITLING TO.  Where the plaintiff in an action to foreclose a mortgage made one who had a superior lien a party defendant, alleging the lien to be junior to the mortgage, and asking that it be so decreed, and afterwards, when the defendant was about to enter his defense, the plaintiff procured him to desist, promising that if he (plaintiff) was allowed to take his decree as prayed, he would pay off defendant's lien, and the decree was obtained accordingly, *held* that, even though plaintiff may have had no intention at the time of redeeming such promise, and never did redeem it, yet, as there was no concealment or misrepresentation of any existing fact, his conduct did not constitute such fraud as entitled the defendant to have the decree vacated. He waived his lien in consideration of plaintiff's promise to pay it, and his right then was, not to have the lien established, but to sue on the promise to pay.

*Appeal from Humboldt Circuit Court.*

FRIDAY, APRIL 25.

THE plaintiffs allege in their petition that in the year 1877 they were doing business as partners, under the firm name of Lumpkin, Moody & Co., and that they sold to one Ella A. Averill a bill of lumber of the value of $134.48, to be used in the repair of a dwelling house, and that said lumber was used in repairing said building, and in the betterment thereof; that they afterwards instituted the suit against said Ella A. Averill and her husband, to recover the amount of said bill and for the foreclosure of their mechanic's lien; that such proceedings were had in said cause that judgment was rendered in their favor against Ella A. Averill for the amount of their

claim, and foreclosing the mechanic's lien on said building, and the lot on which it was situated, against her and her husband; that afterwards the premises were sold on special execution issued on said judgment, and they became the purchasers thereof, and, the premises being unredeemed at the end of one year from the date of such sale, the sheriff executed to them a deed conveying the same to them; that, at the time said debt was contracted, this defendant, Edward Snook, held a mortgage on the premises, which was a lien on said premises superior to their mechanic's lien, except as to the improvements and betterments thereon made with the lumber sold by them to said Ella A. Averill, as to which they claim that their mechanic's lien was superior; that defendant instituted a suit for the foreclosure of his said mortgage, making the Averills (husband and wife) and the plaintiffs defendants; that at the time said foreclosure suit was instituted no .part of the debt secured by the mortgage was due, and defendant had no cause of action thereon, but, notwithstanding that fact, he prosecuted said action to judgment, and obtained a decree of foreclosure against all the defendants in the action; that this judgment was obtained about two months after they obtained their judgment foreclosing their mechanic's lien; that they were about to appear in the action to foreclose defendant's mortgage and make defense thereto, but that defendant then promised them that he would pay off their mechanic's lien, and stated to them that it was not necessary for them to make defense; and that they were induced by this promise and statement to forbear making any appearance or defense in said cause, and to permit him to take a decree barring and foreclosing their equity of redemption, and establishing his mortgage as the superior lien on the whole of the premises; that an execution was issued on said judgment and the property sold thereon, defendant being the purchaser; that defendant now refuses to pay off their lien, and that his promise to pay the same was made without any intention on his part of paying the same, but was made for the purpose of inducing them not to appear

or defend in said action; that within one year after said judgment of foreclosure was rendered, defendant served on them an original notice, notifying them that he had commenced a suit in the district court to again foreclose said mortgage and obtain judgment on the notes secured by it, and to have said former judgment set aside and held for naught; that, relying on this notice, and believing that defendant had elected to treat said judgment of foreclosure as void and as a nullity, they did not institute any proceedings to have it vacated and set aside within the period allowed by the statute for bringing a suit for that purpose; and that defendant, after it was too late for plaintiffs to institute such suit under the statute, dismissed said suit, and is now claiming the property under the sale by virtue of the foreclosure proceedings. The prayer of the petition is that the judgment of foreclosure be set aside, that the case be reopened, and that plaintiffs be permitted to answer, and that the priority of their lien be established, and for general relief.

Defendant filed a demurrer to the petition, which was sustained, and, plaintiffs refusing to plead further, the petition was dismissed, and plaintiffs appeal.

*Clark & Farrell*, for appellants.

*Hammond & Lyon*, for appellee.

REED, J.—I. The fourth sub-division of section 3154 of the Code provides that the court in which a judgment has

1. JUDGMENT: vacation of for fraud: relief in equity after one year: conditions of.

been rendered may vacate or modify such judgment, after the time at which it was obtained, "for fraud practiced by the successful party in obtaining it." But, to avail himself of the remedy provided in this section, the party against whom the judgment is rendered must bring his action within one year from the date of the judgment. But it is held that courts of equity have juisdiction to grant relief against judgments obtained by fraud, in cases where the fraud is not discovered until after

the expiration of one year from the rendition of the judgment. *Young v. Tucker*, 39 Iowa, 596; *Dist. Twp. of Newton v. White*, 42 Id., 608. And when the party entitled to the remedy has been prevented from availing himself of it during the years allowed by the statute for bringing the action, by the fraud or procurement of his adversary, a court of equity undoubtedly has the power to grant him relief.

The statute, however, defines the remedy to which the party is entitled, whether the action be brought during the year provided for by the statute, or after its expiration. The jurisdiction of the court of equity is to grant the relief provided by the statute, but it has power to grant such relief after the expiration of the time within which it may be sought by the proceedings prescribed by the statute. Whether a party is entitled to the remedy, then, must be determined with reference to the terms of the statute.

Under the provisions of the sub-division of the section quoted above, the party against whom a judgment has been 3. ——: ——: obtained is entitled to relief, when by the cunning, facts not entitling to. deception or artifice of his adversary he has been prevented from prosecuting his claim or making his defense, or when by such means his adversary has obtained an unconscionable advantage by the judgment. The term "fraud" is used in the section in its ordinary sense, "and it would include any act, omission, or concealment which involves a breach of legal or equitable duty, trust or confidence, and is injurious to another, and by which an undue or unconscientious advantage is taken of another." Story's Equity Jurisprudence, § 187.

The act of the defendant of which plaintiffs complain is, that he, with intent to mislead them, and to induce them not to appear and assert the priority of their lien upon the premises over the lien which he was seeking to establish by the action, agreed with them that he would pay them the full amount of their claim; and they allege that they relied on this agreement, and were induced by it to forbear making any

defense in said action, and to permit him to take his judgment of foreclosure, but that he has not paid their claim, and did not intend to pay it when he made the agreement.

This does not constitute such fraud in obtaining the judgment as entitles plaintiff to have it vacated. There was no concealment or misrepresentation as to any existing fact, but plaintiffs contracted with full knowledge of every fact pertaining to the subject of the agreement.

In consideration of defendant's agreement to pay them the amount of their claim, they agreed that they would not assert the priority of their lien. The effect of the agreement is that they waived their lien, and accepted his agreement to pay the amount of the debt in lieu of it, and, in consideration of this waiver, he became legally liable for the amount of the debt. The question is not at all affected by the fact that he did not intend to perform the contract when he entered into it. His liability to pay the debt is created by his agreement, and it is in no manner affected by this secret intention.

There is no complaint that defendant is irresponsible, or that he cannot be compelled by the ordinary process of the law to perform his undertaking. Plaintiffs, then, have taken by the agreement all that they contracted for. They agreed to waive their mechanic's lien on the property, or that it might be made subordinate to defendant's mortgage, in consideration of his becoming personally responsible to them for the debt; and he has become liable for it. They have a personal claim on him for the amount, enforceable at law, and this is what he contracted to give them in lieu of their mechanic's lien.

We think the order of the circuit court sustaining the demurrer is correct.

AFFIRMED.