CELIA LARSON v. WILLIAMS & BETENBENDER, Appellants.

**Setting Mechanic's Lien Judgment Aside:** PERSONAL JUDGMENT ON DEFAULT: *Notice.* It appears that an unmarried man contracted for material to build a house, and, thereafter, married. A petition to foreclose was filed, husband and wife were made parties, notice was served on both that a personal judgment would be taken as to both, but the petition stated no fact authorizing such a judgment against the wife. One was, however, taken against her, on default, and counsel for plaintiff, knowing that the petition did not warrant it, drew and had signed a decree giving personal judgment against the wife. She did not discover this until it was too late to set the judgment aside, at law, under Code 3157. *Held,* there was no jurisdiction to render such personal judgment and it was proper to vacate the judgment against the wife, under Code 3154, which authorizes relief for irregularity in obtaining judgment, or fraud practiced by the successful party.

**Equity:** VACATION OF JUDGMENT. A court of equity has jurisdiction to set aside a judgment obtained by fraud, where the ground of relief was not discovered until after the expiration of the statutory time for setting it aside.

*Appeal from Calhoun District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

MONDAY, MAY 27, 1895.

ACTION in equity, to cancel a certain judgment, and to restrain the enforcement thereof. Decree was entered in favor of the plaintiff. Defendants appeal. —*Affirmed.*

*M. R. McCrary* and *Brown McCrary* for appellants.

*M. W. Beach* for appellee.

GIVEN, C. J.—I. The judgment in question was rendered in the district court in and for Calhoun county on the seventeenth day of December, 1890, in

an action wherein these defendants were plaintiffs and Peter Larson and his wife, this plaintiff, were defendants.   Plaintiffs in that action stated in their petition, as their cause of action, in substance, as follows:   That on January 11, 1889, they entered into an oral contract "with the defendant to build a dwelling house" upon real estate described; that in pursuance of said contract they built said dwelling "for defendant," as specified in their statement for mechanic's lien; "that said defendant, at the time of the commencement of said building, was, and still is, the owner in fee simple of said land and said building;" that on the twenty-fourth day of April, 1889, they filed a statement for a mechanic's lien; that seventy-seven dollars remains due and unpaid, together with one dollar and fifty cents expense of said lien, after deducting all credits and three dollars for additional work.   They ask judgment for the balance due, and decree establishing and enforcing their mechanic's lien.   Their statement of mechanic's lien shows the oral contract "with Peter Larson"; that he was the owner of the land; that the house was built for Peter Larson; and that there was due from him, after allowing all credits, eighty dollars.   The statement of accounts is against Peter Larson.   The original notice in said case was addressed to "Peter Larson and wife, Celia Larson, defendants," and notified them that a petition would be filed, "claiming of you the sum of eighty-six dollars," enforcing a mechanic's lien against the real estate described, and that unless they should appear and defend "a default will be entered against you, and judgment rendered thereon."   On December 17, 1890, said defendants, "Peter Larson and Mrs. Peter Larson making default, judgment was entered in favor of said plaintiffs against the defendants for the sum of eighty-five dollars and five cents," with interest.   Decree was entered establishing and foreclosing said mechanic's

lien. On July 7, 1893, these defendants caused execution to issue upon said judgment against Peter Larson and this plaintiff, and caused a debtor of this plaintiff to be garnished, and thereupon, on February 9, 1894, plaintiff commenced this action.

Plaintiff alleges, as ground for setting aside said judgment, that at the time it was entered the court had no jurisdiction to enter a personal judgment against her, there being no allegation in the petition showing any personal liability on her part. She further alleges, that said judgment was obtained against her by fraud practiced by the successful party and their attorney, in the manner stated. She states facts which would constitute a valid defense to said action against her, for a personal judgment. Upon the hearing of this action, the court found, that said judgment was rendered without jurisdiction to enter a personal judgment against this plaintiff; that at the time the labor was performed for which a lien was established, this plaintiff was not the wife of Peter Larson, and not a party to said contract; that said judgment, so far as it was personal against this plaintiff, was obtained by fraud practiced by the defendants and their attorney; and that plaintiff did not discover that a personal judgment had been rendered against her until more than a year after its rendition, by reason of the representations of the defendants and their attorney. The court found, "that the judgment ought to be modified to the extent that there be no personal judgment against her, but in no manner disturb the judgment against Peter Larson, or its effect upon the dower right of this plaintiff;" and decree was entered accordingly.

II. The finding of the district court that there was no allegation in the petition in the case in which said judgment was obtained, or evidence showing or tending to show, personal liability on the part of this

plaintiff, is fully sustained by the record before us. This action was upon the contract made with Peter Larson alone, and for a lien based upon the statement of account filed against Peter Larson alone. At the time the oral agreement was made, the house built, and the statement for lien filed, this plaintiff was not the wife of Peter Larson, and was as any other stranger to the transaction. She was a proper party to that action because of her marriage, but certainly not personally liable on the contract, and no one would understand from a reading of that petition that such a claim was made therein. There is considerable evidence as to why Peter Larson and his wife did not appear in that action. We are satisfied that she did not appear and defend against a personal judgment because of representations and assurances made to her by these defendants to the effect that there was no necessity for her doing so. These representations may have been made in good faith, for no reason appears why Mrs. Larson should have anticipated that a personal judgment would be rendered against her, nor had she had any defense as against any relief that might properly be asked against her under the petition. The wrong of this transaction was in taking personal judgment against her. M. R. McCrary, the attorney for these defendants, who took said judgment, when asked upon cross-examination why a personal judgment was taken against this plaintiff, answered, "Because I wanted a judgment against her." He further states that he based it on the fact that she had personal notice that personal judgment would be asked against her. We have no doubt, from the record before us, but that the district court was without jurisdiction to render this personal judgment against the plaintiff; that the same was obtained wrongfully and fraudulently; and that, because of the conduct and representations of the defendants and

their attorney, the plaintiff did not discover the existence of said judgment until about the time said execution was issued thereon.

Appellants contend that plaintiff's petition should be dismissed, because the action was not commenced within the time prescribed in the Code; citing *McConkey v. Lamb,* 71 Iowa, 636 (33 N. W. Rep. 146), and other cases. In the case cited it is recognized that courts of equity have jurisdiction to grant relief against judgments where the ground of relief is not discovered, as in this case, until after the expiration of one year from the rendition of the judgment. We think the decree of the district court entered in this case is fully warranted by the facts, and it is AFFIRMED.

## SUPPLEMENTAL OPINION ON RE-HEARING.

*Appeal from Calhoun District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

### THURSDAY, DECEMBER 10, 1896.

THIS is an action in equity to cancel a certain judgment rendered in the district court of Calhoun county, Iowa, on December 17, 1890, in which action these defendants were plaintiffs, and Peter Larson and his wife, this plaintiff, were defendants. Plaintiffs, in that action, sought to foreclose a mechanic's lien against the defendants therein. They averred that they had entered into an oral contract with the "defendant" to build a dwelling house; that the house was built for the "defendant"; that "defendant" was the owner of the land and building situated thereon. They set out the filing of their statement for a lien, and asked judgment "against defendants," and the enforcement of their lien against the land

and building.   The statement shows that the contract was made with Peter Larson, and that he owned the land on which the house was erected.   The account was against Peter Larson alone.   The original notice ran against "Peter Larson and wife, Celia Larson, defendants," and notified them that a petition would be filed "claiming of you the sum of $86," with interest.   It claimed the enforcement of a mechanic's lien against the real estate described, and that "unless you appear thereto and defend   *   *   *   a default will be entered against you, and judgment entered thereon." Both parties defendant having made default, a judgment was rendered against them as prayed, and a decree entered establishing and foreclosing the lien. July 7, 1893, the defendants herein caused an execution to issue on said judgment against Peter Larson and this plaintiff, and caused a debtor of this plaintiff to be garnished.   February 9, 1893, this action was commenced by plaintiff.   The grounds alleged for canceling the judgment, as against this plaintiff are— *First*, that the court had no jurisdiction to enter said judgment, there being no allegation in the petition showing any personal liability on part of Celia Larson; and *second*, that fraud was practiced by the successful parties and their attorney in obtaining the judgment.   Facts are set forth in plaintiff's petition, which, if true, would constitute a complete defense to said action as against her.   On the hearing, the court found that the judgment was rendered without jurisdiction as against said Celia Larson; that, at the time the labor was performed for which a lien was established, she was not the wife of Peter Larson, and not a party to said contract; that said judgment, in so far as it was personal against this plaintiff, was obtained by fraud practiced by the defendants and their attorney, and that plaintiff did not discover that a personal

judgment had been rendered against her until more than a year after its rendition, by reason of the representations of defendants and their attorney. The personal judgment against plaintiff was set aside. Defendants appeal.—*Affirmed.*

*M. R. & J. B. McCrary* for appellants.

*M. W. Beach* for appellee.

Kinne, J.—I.   This cause was heard in this court, and an opinion filed affirming the judgment of the lower court. A re-hearing has been granted, and the cause is again before us for determination. Without entering into a lengthy discussion of the facts, it may be said that there was nothing in the petition in the case of *Williams & Beten-bender v. Peter and Celia Larson,* or in the issues involved in that case, to warrant a personal judgment as against Celia Larson. She was not a party to the contract out of which the lien arose. She was not the wife of Peter Larson when the contract was made, or when the labor was done for which a lien was thereafter established. The only reason for making her a party was that at the time the foreclosure suit was instituted, she was the wife of Peter Larson. No one, on reading the petition, would understand that any facts were pleaded which tended to show a personal liability on the part of Celia Larson.

II.   The claim is that the original notice claimed a personal judgment against the plaintiff, and, as she made default in the action, she is now concluded by the judgment, whether it was procured by fraud practiced by the plaintiffs and their attorney, or not. It is said that this action is not brought within the time limited by the statute. We have often held that, independently of the statute, a court

of equity will grant new trials, in actions at law,
after the time for applying for relief under section
3157 of the Code, has elapsed, if proper reasons are
shown for not making such application within the
time. *Bowen v. Mill Co.*, 31 Iowa, 464; *Partidge v.
Harrow*, 27 Iowa, 97; *Hoskins v. Hattenback*, 14 Iowa,
314; *Young v. Tucker*, 39 Iowa, 596; *District Township
of Newton v. White*, 42 Iowa, 613; *McConkey v.
Lamb*, 71 Iowa, 638 (33 N. W. Rep. 146); *Lumpkin v.
Snook*, 63 Iowa, 515 (19 N. W. Rep. 333). This
action is not predicated upon the statute. It is an
attempt to invoke the equitable powers of the court
as to vacating judgments, on a proper showing,
after the time fixed in the statute for so doing has
expired. In the two cases last cited, it is held that the
jurisdiction of a court of equity in such cases is lim-
ited to the granting of relief on the grounds
enumerated in section 3154 of the Code. Do
the facts alleged and proven on the trial bring
this case within the provisions of that section? Among
the grounds enumerated in said section are the fol-
lowing: "For mistake, neglect, or omission of the
clerk, or irregularity in obtaining a judgment or
order; * * * for fraud practiced by the successful
party in obtaining the judgment or order." We think
the facts alleged and established make these grounds
applicable in this case. Here was a petition which
contained no allegations authorizing a personal judg-
ment against Celia Larson. Counsel taking the decree
of the court knew such to be the fact. As a lawyer
he knew that Celia Larson might confidently rely
upon the fact that nothing was sought, as against her,
save the extinguishment of her dower right in the
premises. Having no defense to make to that claim,
she was not called upon to appear and to answer to
the petition. It matters not that the notice said that
a personal judgment would be asked against her, as

she had a right to rely upon the fact that the petition contained no averment warranting such relief. It is claimed that, as the court by the notice had jurisdiction of the person of Celia Larson, and by law had jurisdiction in a proper case to render a personal judgment as to the subject-matter, therefore jurisdiction was in all respects complete, and, having failed to appear, she is concluded from now being heard. Such claim is not well founded. It is said in *Bosch v. Kassing*, 64 Iowa, 314 (20 N. W. Rep. 454): "It is true a defendant may be concluded by a default where the facts stated in the petition do not constitute a good cause of action in law, or where the petition is so defective as to be vulnerable to a demurrer; but where the petition omits the necessary averment to show liability against the defendant, the court may, and should, even upon default, refuse to enter judgment." Clearly, then, procuring the court to enter such a judgment, under the circumstances, was an "irregularity in obtaining a judgment," under the statute we are considering. So, also, procuring such a judgment upon a petition not containing any averment authorizing it, and with a full knowledge of the facts, was practicing a fraud within the meaning of the statute. In *Lumpkin v. Snook*, 63 Iowa, 518 (19 N. W. Rep. 333, 334), in construing this provision of the statute, this court said: "The term 'fraud' is used in this section in its ordinary sense, 'and it would involve any act or omission, or concealment which involves a breach of legal or equitable duty, trust or confidence, and is injurious to another, and by which an undue or unconscientious advantage is taken of another.' Story, Eq. Jur. section 187." Here was an act done, in taking the judgment against Celia Larson, which was a violation of a plain legal duty,—an act done by counsel in violation of the duty he owed the court; and it cannot be doubted, if counsel had advised the court of the

condition of his petition, such judgment would not have been rendered.  Taking advantage of his position as an attorney, and of the confidence which the court no doubt reposed in him, he proceeded to procure a judgment which was wholly unwarranted.  He thereby perpetrated a fraud upon the court and this plaintiff, to the injury of the plaintiff.

Counsel for the defendant herein was a witness in this case, and the following is a portion of his cross-examination:  "Mrs. Larsen was made a party because I didn't know but the land was in her name, and I wanted judgment against both of them.  Q. Then why was a personal judgment taken against her in the decree?  A. Because I wanted a judgment against her.  Q. It was not based on any fact, or any contract, or any liability on her part?  A. I can't tell you whether it was or not.  I don't know about any contract now. I don't mean to say I didn't pay any attention to that.  I drew the decree in which judgment was rendered against her.  Q. Now, in drawing that decree, upon what fact did you base it that you had a right to a decree against her?  A. I based it on the fact that she had personal notice that we would ask for a personal judgment.  Q. Did the notice state to her that you would ask for a personal judgment?  A. The notice stated to her,—it's the best evidence,— that I would ask for a judgment against her.  Q. As a matter of fact, there was nothing on the face of the petition to show that there was any liability on her part?  A. Petition is the best evidence.  Q. I would like to have you answer the question.  Is there any fact stated in the petition that says that she would be liable to have a judgment taken against her?  A. Not any more than is stated in the petition.  Q. What is that that is stated in the petition that gave you any right to any personal judgment against her?  What fact is there stated in the petition that shows that she

would be liable to any judgment? A. The petition is the best evidence. Let me have the petition, and I will read it. (Witness is handed petition). Q. Go on. I want you to state what there is in the petition that shows any liability on her part. A. Nothing more than the statements there made. Q. Then you didn't understand, at the time you drew the petition, that she had made a contract, or in any way made herself personally liable? A. I didn't investigate the matter. If the land was in her name I wanted a personal judgment against her. Q. If the land wasn't in her name, then what? A. I wanted it anyhow. Q. Whether she was liable, or not? A. I had served her with a notice that I was going to ask for it, and that is why I wanted it." From this examination, it will be seen that the decree embracing the provisions for a personal judgment was prepared by counsel; that he knew that the petition contained no allegation authorizing a personal judgment against Celia Larson, yet he persisted in obtaining such a judgment. Not having reason to believe, from the allegations of the petition, that any personal judgment could be entered against her, she was not negligent in not defending against relief which could not be legally given under the statements of the petition. She did not learn of the rendition of this judgment until long after the time to avail herself of the remedy provided by statute had passed. She then instituted this action to cancel the judgment.

We have not considered the question as to whether or not defendants herein or their counsel made statements to the plaintiff herein which were calculated to prevent her from making defense to the mechanic's lien suit. It is due counsel to say that, after a re-examination of the record, in the light of further arguments, we reach the conclusion that the

statements and representations made by defendants herein, or their counsel, to Celia Larson, if any, related to another case, which was tried months after the mechanic's lien suit. It seems to us, however, that the act of counsel in procuring this personal judgment against Celia Larson, when there was no foundation therefor in the petition, was such a fraud in law as should warrant the relief asked in this action, and that the decree of the district court was right.—AFFIRMED.