Sarah C. McBride *et al.* v. William McClintock, Appellant, *et al.*

**Petition for New Trial: MOTION TO STRIKE.** A plaintiff's motion to strike a defendant's petition in equity for a new trial may be sustained, though a co-defendant, having an interest in the litigation, similar to that of plaintiff, did not join in the motion, where co-defendant was not served with notice of the petition for a new trial.

**TREATED AS DEMURRER.** A motion to strike a petition in equity for a new trial may be treated as a demurrer. (Conceded for the sake of the argument-Reporter.)

**NEW ISSUES.** A petition in equity for a new trial, alleging that petitioner is entitled to land in controversy under certain deeds, will not be allowed, where petitioner's original pleading set up a claim under contracts made by letters, because such petition tenders new issues.

**RIGHTS AGAINST ONE CO-TENANT.** A defendant, in a partition suit between co-tenants, having a ground for a new trial as against one alleged co-tenant, is not thereby entitled to a new trial as against the others.

**SECOND PETITION.** A second petition for a new trial may be stricken from the files on motion, where it was filed without lawful rights.

**Appeal:** OBJECTION BELOW. An objection that an order sustaining a motion to strike from the files a petition for a new trial entitled as of the May term was sustained at the preceding February term is not available on appeal where the court had jurisdiction of the subject-matter of the motion and petition and the appellant appeared to the motion and did not object that it was premature as to any of the relief asked.

SAME. A second application for a new trial will be dismissed although no answer has been filed to it where it was filed more than one year after the decree in the original action was rendered and the moving party is not entitled to relief on any of the grounds enumerated in Code, 1873, section 3154.

NEWLY DISCOVERED EVIDENCE. A new trial will not be granted for alleged newly discovered evidence where it is merely cumulative and sufficient diligence to discover it before the trial is not shown.

RULE APPLIED. The employment of a different attorney after the trial was had, and his use of diligence in finding evidence which was not introduced at the trial, does not entitle one to a new trial, where his former attorney was lacking in diligence in procuring the evidence.

*Appeal from Plymouth District Court.*—HON. F. R. GAY-NOR, Judge.

FRIDAY, MAY 12, 1899.

APPLICATION for a new trial in an action in equity brought for the partition of real estate and other relief. The application was denied, and the applicant, William McClintock, appeals.—*Affirmed.*

*I. S. Struble* for appellant.

*Ira T. Martin* for appellees.

ROBINSON, C. J.—In the year 1858, William Kelley purchased of the general government a quarter section of land in Plymouth county. He was a resident of Ohio, and died in that state in the year 1864. The plaintiffs, Sarah C. McBride and Rebecca M. McBride, are his daughters, and in the year 1892 commenced this action against James M. Kelley, their brother, William McClintock, and William Bets-

worth. The petition alleged that each of the plaintiffs and the defendant James M. Kelley owned one-sixth of the quarter section, as heirs of William Kelley; that three of their brothers had conveyed their interests in it to the defendant McClintock; and that Betsworth held a mortgage on the land from McClintock for the sum of three thousand dollars. The plaintiffs asked that the share of the land to which each party to the action was entitled be determined, that the land be partitioned, and for their share of rents and profits which had accrued from it. McClintock was the only defendant who appeared in the action. He filed an answer in which he alleged that in April, 1870, the plaintiffs conveyed all their interest in the property in question to their brother George W. Kelley; that he conveyed the property to L. S. Miller and I. K. Miller; that thereafter, and in April, 1870, the Millers took possession of all the property and continued in open and notorious possession of it, under color and claim of title, for more than ten years; that in the year 1884 he purchased all of the land of the Millers, and had held actual, open, and notorious possession, under claim of absolute right and color of title, since that time; and that the claim of the plaintiffs was barred by the statute of limitations. There was a hearing on the merits, and a decree rendered in May, 1895, which adjudged that each plaintiff was the unqualified owner of an undivided one-sixth of the land in question; that the defendant James M. Kelley owned a like interest; and that McClintock owned an undivided one-half of the land, subject to his mortgage to Betsworth, and subject, further, to the amount due the plaintiffs as their portion of the rents and profits. The amount to which each plaintiff was entitled was fixed at three hundred and twenty-eight dollars and thirty-three cents. In February, 1896, McClintock filed a petition in equity for a new trial, in which he alleged that, by reason of the misconduct and wrongful acts of the attorney for the plaintiffs in preparing the decree, the court was erroneously led to adjudge that the defendant James M. Kel-

ley was the owner of an undivided one-sixth of the land; that since the trial of the cause the petitioner had discovered new and material evidence, which showed that at some time prior to the death of William Kelley, when he was old and dependent upon his children for support, he orally agreed with his son George W. Kelley that the latter should support him, give him a home until his death, and in consideration therefor have the land in question; that the agreement was performed by George W. Kelley; that after it was made the father gave to the son a written instrument in the form of a deed or contract conveying the land, but that the instrument had been lost; that after the death of William Kelley his heirs, including the plaintiffs and James M. Kelley, executed to George W. Kelley a conveyance of all their interest in the property, but that the instrument so executed had been lost. The petition also alleged that the facts averred, and the persons by whom they could be proved were unknown to him or his attorneys when the cause was tried, and asked for a new trial. There was a hearing on this petition, and in June, 1896, it was found not to be sustained, and was dismissed. An appeal from that order was taken to this court by McClintock, and in January, 1898, he asked, by motion, that the cause be remanded to the district court, with directions to the judge who had denied the petition to reopen the case, receive further evidence, and render another decision on the application for a new trial. The ground of the motion was that, since the appeal had been taken, a patent from the general government to William Kelley for one-fourth of the land in controversy, and a deed from James M. Kelley and his wife to George W. Kelley for another fourth of the land, had been found. The motion to remand was, on application of the plaintiffs, stricken from the records, and the proceedings on the first petition for a new trial are at an end. In May, 1898, McClintock filed in the district court of Plymouth county a second petition in equity for a

new trial, in which he set out the original pleadings in the case, and the decree of the court, the first petition for a new trial, the evidence submitted on the hearing, the proceedings had, the appeal, the motion to remand, and evidence submitted in its support. The petition also alleges that the referee who had been appointed to sell and convey the land in controversy, and distribute its proceeds, was about to sell the land, and asked that he be enjoined from selling it until the further order of the court. A temporary injunction was issued as prayed. In March, 1898, the plaintiffs filed a motion to dissolve the temporary injunction, and to strike from the files the second petition for a new trial, and on the first day of April the motion was sustained, and judgment was rendered in favor of the plaintiffs for costs. From that judgment, McClintock appeals.

I. The petition stricken from the files was entitled as of the May term, 1898, of the district court, but the order sustaining the motion to strike was sustained at the preceding February term. It is insisted that the court lacked jurisdiction to do more than to dissolve the injunction at the February term. The court had jurisdiction of the subject-matter of the motion and petition, and the appellant appeared to the motion, and did not object that the motion was premature as to any of the relief asked. By what he did he fully submitted his case, so far as it was involved in the motion, to the jurisdiction of the court, and is bound by the result. It is not a case where a court has attempted to act upon a matter of which it did not have jurisdiction. The district court, by consent of parties, if that was needed, could have acted upon the motion as well at the February as at the May term, and the parties appear to have assented to a ruling on the entire motion at the time action was taken upon it.

II. It is next objected that the court erred in sustaining the motion for the reason that the defendant James M.

Kelley did not appear and join in the motion. Although he was named as a defendant in the original case, it is not shown that he was served with notice of the second petition for a new trial, nor, in fact, that he is a party to it. His interests appear to be similar to those of the plaintiffs, and no reason is disclosed for requiring that he join in the motion in question.

III.   It is next contended that the effect of the motion was like that of a demurrer, and that it admitted to be true all the allegations of the petition. That may be conceded for the purpose of this appeal, but it does not follow that the motion was erroneously sustained. The question to be determined was and is, do the facts well pleaded show that the petitioner is entitled to a new trial? We do not think they do. The alleged newly-discovered evidence is merely cumulative, and diligence to discover it in time for use at the first trial is not shown. The production of the patent for one of the forty-acre tracts would not have been material to any issue in the case. Had the newly-discovered deed from James M. Kelley and wife to George W. Kelley been offered in evidence, it might have affected the appellant's recovery as to the tract which it purported to convey, but sufficient diligence to discover that deed before the first trial was had is not shown. It appears that the attorney who now represents the appellant was first employed after the trial in the original cause was had, and that diligence since that time has been shown, but those facts do not affect the rights of the appellant. He must suffer the consequences of a lack of diligence in preparing for the first trial. Misconduct on the part of an attorney in preparing the decree rendered in the original case is not shown. The petition for a new trial tenders new issues in regard to the alleged conveyances to George W. Kelley, the answer to the original petition alleging that they were made by written contracts in the form of letters

of correspondence, while the petition for a new trial alleges that they were by deeds. Moreover, when all the evidence set out in the petition for a new trial is considered, it fails to show that the original decree is erroneous, so far as it affects the rights of the parties to this appeal. The deed of James M. Kelley to George W. Kelley would only affect the rights of the appellant as against James M. Kelley, but, as already stated, it is not shown that he was a party to this proceeding in the district court, and notice of appeal was not served on him. If the appellant has any just ground to complain of James M. Kelley, that fact does not entitle him to a new trial as against the plaintiffs, for the reason that their interests are separate and distinct.

IV. It is said that, even though the injunction was properly dissolved, the petition should not have been dismissed, as the plaintiffs had not filed an answer to it, but that the cause should have been continued for hearing on the merits. The petition was filed more than one year after the decree in the original action was rendered, and the appellees contend that it was not filed within the time required by statute. The appellant insists that it was authorized by the case of *Larson v. Williams,* 100 Iowa, 110, and similar cases. A rehearing was granted in that case, which suspended the opinion filed on the first submission, and, as that was not adhered to, it had no further effect and should not have been reported. The second opinion is the only one which is in force. That refers to several cases which authorize the practice of granting new trials on applications made after the expiration of one year after the judgment or order was made, notwithstanding the restriction of section 3157 of the Code of 1873. But the fact that the jurisdiction of courts of equity in such cases was limited to the granting of relief on the grounds referred to in section 3154 of that Code was mentioned. We do not find that the

appellant was entitled to relief on any of the grounds enumerated in that section.  An additional objection to the petition under consideration is the fact that it is the second application for a new trial which the appellant has made.  Whether such an application, made by the same party would be granted in any case, when its condition is the same as when the first application was denied, is a question we do not find it necessary to determine, but, if ever authorized, it would be under exceptional conditions, which do not exist in this case.  We conclude that the petition under consideration did not show that the appellant was entitled to any relief as against the plaintiffs.  The motion to strike appears to have been treated as a demurrer, and, if so, was properly sustained.  If it was not treated as a demurrer, yet the district court may well have found that the petition was filed without lawful right, and should for that reason be stricken from the files.  The order of the district court sustaining the motion to dissolve the injunction and to strike the petition, and its judgment are AFFIRMED.