BECK & SON, MARTIN P. BECK, AND MARTIN P. BECK, JR.,
v. F. H. JUCKETT, Appellant.

**Fraudulent Default Judgment:** SETTING ASIDE. Plaintiff, being indebted to defendant, gave him an order on a club, which the club accepted, but failed to pay. Suit was brought on the order against plaintiff and the club and, on the return day, defendant's attorney assured plaintiff that defendant was not seeking to hold him liable, that he need not appear, and that the suit would not be called until two days later, and the next day telephoned him that it would not be taken up the following day. About a month thereafter defendant procured a judg-

ment against plaintiff, by default, which he made no attempt to enforce until two years thereafter. *Held*, that such judgment had been procured by deception, and would be set aside, though plaintiff's application therefor, in which he pleaded a good defense to the action, was not filed within a year after the judgment was entered.

NEW TRIAL SHOULD RESULT. Where a default judgment was set aside, as procured by deception, the court should have ordered a new trial as part of its decree.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

SATURDAY, MAY 12, 1900.

THE plaintiffs, being indebted to the defendant, gave him an order on the Cedar Rapids Commercial Club, which accepted it, and paid thereon all save a balance of one hundred and sixty-two dollars and twenty-five cents. Suit was begun against said club and plaintiffs at the April term, 1896, and judgment entered for this amount May 6th of the same year. This is an action in equity, commenced March 24, 1898, to set aside such judgment because obtained through fraud. Decree as prayed, and defendant appeals.— *Modified.*

*Heins & Heins* for appellant.

*Rickel & Crocker* for appellees.

LADD, J.—The defendant's attorney had assured Beck & Son before the action was begun that they could not be held on the Juckett claim. When M. Beck appeared in court on the second day of the term, he was lulled into security by the declaration from the same source that: "We are not after you. We are after the Commercial Club,"—and was advised that "he need not come up or appear," and that the suit would not be called till two days later. The next day the plaintiffs were tele-

phoned that the cause would not be taken up the day following. No further attention was given the matter by the plaintiffs, and the attorney procured judgment about a month afterwards. The testimony of Beck is somewhat corroborated by other evidence, and, as the witnesses were before the trial court, we are not inclined to interfere with the finding that it should be accepted, rather than the statement of the attorney. Fraud is predicated, not on the fixing of the day for the hearing, as seems to be thought by appellant, but on the deception practiced, by which plaintiffs were misled into the belief that a remedy was being sought solely against the Commercial Club, and that there was no occasion for further attention in order to protect themselves. No judgment so procured should stand. Having the assurance that it would be unnecessary to appear again, and that the purpose was to enforce the claim against another, plaintiffs had no reason to suspect a judgment would be rendered against them, and were not put on inquiry until its payment was demanded, for the first time, nearly two years afterwards. Under these circumstances, equity should grant relief, though more than a year has elapsed since judgment was entered. A good defense is pleaded, and there is reasonable ground to think a different result will be reached on trial.

II. The decree "set aside, canceled, and held for naught the judgment." It should have directed a new trial. In *Lumpkin v. Snook*, 63 Iowa, 515, and *McConkey v. Lamb*, 71 Iowa 638, this court declared the remedy in such cases to be statutory. The aggrieved party having been deprived of an opportunity to defend, the remedy, available is its restoration, under the provisions of the Code. See title 20, chapter 1. To this extent the decree will be modified, with costs taxed to appellant.—MODIFIED and AFFIRMED.