THE CITY OF CEDAR RAPIDS, Appellant, v. J. F. RALL, Justice of Peace, Appellee.

Justice of the Peace:   CONTINUANCES BY CONSENT:   *Jurisdiction.* Where both parties to an action before a justice consented to an indefinite continuance, and the justice on fixing the date of trial, at the request of one party gave the other five days' notice thereof, the justice did not lose jurisdiction, under Code, section 4496, authorizing a justice of his own motion to order a continuance for a period not exceeding three days.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

THURSDAY, JANUARY 23, 1902.

THE defendant, who is a justice of the peace, having entered a judgment upon his docket against the plaintiff herein in favor of the Hawkeye Loan & Brokerage Company, plaintiff sued out a writ of certiorari for the removal of such cause to the district court, alleging that the justice acted without jurisdiction. Petition dismissed and writ discharged, and the plaintiff appeals.—*Affirmed.*

*John N. Hughes* for appellant.

*John A. Reed* for appellee.

WEAVER, J.—I. The return of the writ is uncontroverted, and discloses the following state of facts: On the:

twenty-seventh of July, 1900, the Hawkeye Loan & Broker-
age Company began an action in the court of said justice of
the peace to recover upon a money demand against the city
of Cedar Rapids.   Original notice of such action, returnable
August 4, 1899, was duly served upon the city.   At the
appointed time both parties appeared by counsel, and by
agreement a continuance was had to August 18, 1899, on
which date both parties again appeared; and by mutual con-
sent a further continuance was had to a date thereafter to
be fixed, and a memorandum of such agreement and order
was entered upon the justice's docket.   Nothing more was
done until May 8, 1900, when, on request of the Hawkeye
Loan & Brokerage Company, the justice set the trial for
May 15th, at 10 o'clock a. m., and caused five days' notice
thereof to be served upon the city.   At the time fixed, the
city having failed to appear, default was entered, and
cause continued to May 18th, for proof of the claim on
which the suit was brought.   On May 18th proof of the
claim was presented, and on May 21st judgment was entered
against the city for $24.29.   It further appears by amended
abstract, not denied, that the continuance above mentioned,
from May 15th to May 18th, was ordered by the justice
upon his own motion, on account of other official business
requiring his attention.   The argument of appellant is prin-
cipally to the point that, even though the continuance to a
date to be thereafter named was by the express consent of
both parties, the justice thereby lost jurisdiction to further
proceed, and had no authority to render judgment.   It being
conceded that there was mutual consent to the order of con-
tinuance, and that the justice of the peace, after naming
the date, gave fair and ample notice thereof to the parties,
appellant should not be permitted to repudiate its voluntary
agreement, or escape the adjudication thus invited, unless
by statute or controlling precedent it clearly appears the
point urged by counsel is well taken.   The statute (Code,
section 4496) authorizes a justice of the peace, upon his

own motion, to order the continuance of a case pending in his court, for a period not exceeding three days. It has been decided that an adjournment by the justice for more then three days without the consent of defendant has the effect to deprive such court of jurisdiction, and judgment rendered thereafter is void (*Iowa, Union Tel. Co. v. Boylan,* 86 Iowa, 90), and that, where continuance was had to an indefinite time, one party cannot lawfully obtain judgment by default against the other until the party against whom the default is taken has been notified of the time and place at which such cause is again set for trial. *Rowley v. Baugh,* 33 Iowa, 201. But, so far as we have been able to discover, neither this nor any other court has ever held that where jurisdiction has been admittedly obtained in the usual method, and the parties have appeared upon the return day, and, to suit their own convenience, have mutually agreed to let the trial stand over to a day thereafter to be fixed, and such date has thereafter been named by the justice, and due notice given the parties, the court thereby loses its jurisdiction to proceed with the case. The statute does not so provide, either in express words or by necessary implication; and, in the interest of fair practice, such interpretation should not be forced upon it. A justice's court is not, and, in the very nature of things, cannot be, held to the same strict formality which may be insisted upon in courts of record. The obtaining of jurisdiction originally by notice or by voluntary appearance must, of course, always appear; but, jurisdiction once so obtained, the presumption of regularity is in its favor. Informal in its procedure, and being always open, it is a common and proper practice to adjourn cases from time to time by consent without formal motion, in order to accommodate the business or convenience of the parties. If, then, it so happens that the parties are not ready just at the time to name a date which will suit their mutual convenience, and they agree to an order adjourning to a time

thereafter to be fixed, we see no good reason why that agreement and order are not valid and binding upon all concerned. It is, of course, implied in such order that no further proceedings shall be had without due notice; but, notice being given, we are disposed to hold that the parties are still in court, and bound by the judgment entered.

II. The appellee raises the question whether, conceding the justice had no jurisdiction, the appellant's remedy was not by writ of error, and that therefore certiorari will not lie. In view of the fact that we find against the appellant upon the merits of the case, we think it unnecessary at this time to decide the question of practice.

The judgment below is AFFIRMED.