### C. L. SCHIELE v. G. F. THEDE, Appellant.

**Justices of the peace:** JURISDICTION. After a justice of the peace 1 has made an order finally disposing of a case pending before him he loses jurisdiction, and the parties are not required to take notice of further orders entered by him without the service of a new notice as provided by law restoring his jurisdiction.

**Void judgment:** INJUNCTION. Where a justice erroneously trans-2 fers a cause to the district court, and after the lapse of fourteen days assumes to further proceed with the case without the service

of legal notice, a judgment subsequently entered by him is void for want of jurisdiction, and its enforcement may be enjoined without a showing of merits.

*Appeal from Cedar District Court.*— HON. B. H. MILLER,. Judge.

SATURDAY, JANUARY 14, 1905.

ACTION to enjoin the levy of an execution issued out of the office of the clerk of the district court on a judgment of a justice of the peace in favor of defendant against plaintiff, a transcript of which has been filed in the office of said clerk. The case was tried on an agreed statement of facts, and a decree rendered for plaintiff, from which defendant appeals.— *Affirmed.*

*E. M. Warner* and *F. J. Casterline,* for appellant. .

*Wright, Leech & Wright,* for appellee.

McCLAIN, J.— The justice of the peace rendering the judgment acquired jurisdiction of the case by change of venue from another justice, and when the case was reached for trial defendant not only denied the plaintiff's cause of action, which was for $100, and therefore within the justice's jurisdiction, but also interposed a counterclaim for $268, an amount in excess of the justice's jurisdiction. Thereupon the defendant in that case moved the justice to transmit the cause to the district court on the ground that the amount in controversy, after the filing of the counterclaim, exceeded the jurisdiction of the justice, and precluded him from proceeding further. The justice sustained this motion, and made a proper entry of his action on his docket." Fourteen days afterward, the justice, on his own motion, made another entry in his docket, reciting that upon further consideration. and investigation he found there was no statutory authority

for transmitting the case to the district court except on appeal, and set aside his former entry, and entered an order overruling the motion for transfer; further reciting that defendant's counterclaim, to the extent of $100, would be considered, and all in excess of that stricken out. The entry further recites that the cause is set for trial three days later, and notice thereof mailed to defendant's attorneys. It appears from the agreed statement that the justice on the date of the last entry did send to the attorneys for the defendant in the case a letter advising them of this ruling and of the day set for the hearing, and, further, that on the day thus set the cause would be further adjourned for three days, and that on the date thus to be fixed in the second adjournment the cause would be heard. It further appears that on the date of the entry of reinstatement of the cause the justice in person notified the adult son of defendant, at the defendant's home, of his action, with the request that the information be communicated to the defendant, which was done. On the date to which the cause was first adjourned in this order of reinstatement another entry was made on the docket that it was adjourned for three days further, and on the date fixed in this last adjournment, which was the date indicated in the letter to defendant's attorneys, a hearing was had, and, defendant not appearing, judgment was thereupon rendered for plaintiff for $100 and costs. This is the judgment recorded by transcript in the clerk's office on which the execution involved in this case has issued.

With reference to the jurisdiction of the justice to further proceed in the case, it is wholly immaterial whether or not the entry of the order transferring the case to the district court was erroneous. The justice thereby did make a final disposition of the proceedings pending before him, and the defendant was not called upon to take further notice of any orders entered by the justice without a new notice restoring the jurisdiction of the justice being served upon him. After the apparent

1. JUSTICES OF THE PEACE: jurisdiction.

conclusion of the case the defendant was not bound to antici-
pate or inform himself as to any subsequent proceedings,
unless they were in some way authorized, and might have,
therefore, been anticipated in view of the statutory provisions
as to practice in the justices' courts; nor would actual infor-
mation to him or his attorneys of the proposed unauthorized
action of the justice make it incumbent upon him to appear
in further proceedings.    We have so held as to proceedings
in a court of record.    *Perry v. Kaspar,* 113 Iowa, 268.

The reasoning applies with even greater force to the
decisions of a justice of the peace, who has limited, and not
general, jurisdiction.    Therefore, in the absence of any legal

2. VOID JUDG-
MENT: in-
junction;
merits.

notice requiring the defendant to further ap-
pear, the proceedings of the justice in reinstat-
ing the action, setting a time for hearing, and
rendering judgment by default were wholly unauthorized.
The statutory provisions as to proceedings in justices' courts
contemplate a prompt disposal of causes pending therein.
The justice is not authorized to adjourn the proceedings for
a period of more than three days, nor to make more than
two such adjournments; the only exception recognized being
an adjournment for not exceeding sixty days on the applica-
tion of either party, based on a showing as to absence of wit-
nesses.    Code, sections 4496, 4497.    It is true that we held
in the case of *City of Cedar Rapids v. Rall,* 115 Iowa, 335,
that the jurisdiction of the justice was not lost by mutual
consent of the parties to an indefinite continuance, and that
thereafter the justice might, on full and fair notice to the
parties, proceed to try the case; but the rule was there recog-
nized that an adjournment for more than three days without
the consent of a party deprived the court of jurisdiction.    It
is evident that it was not the intention of the Legislature, in
enacting the sections relating to practice in the justices'
courts, nor of this court in construing these sections, that a
case should be hung up indefinitely in a justice's court with-
out the consent of a party, and reinstated at the justice's

option.  The defendant before the justice of the peace (plaintiff in this action) had the right to know whether he was in court or not, and when an order was made which terminated the justice's jurisdiction (whether rightful or wrongful is immaterial) he had the right to ignore further proceedings, save as they were authorized by law.

As the judgment, on which the execution sought to be enjoined was based, was rendered without any jurisdiction whatever on the part of the justice, it was not necessary for plaintiff to show a meritorious defense in his action to restrain its enforcement.  *Rowley v. Baugh,* 33 Iowa, 201.

The judgment of the lower court is *affirmed.*