A. F. HENSCH, Appellant, v. E. B. MYERS et al., Appellees.

**JUSTICES OF THE PEACE:** Jurisdiction—Failure to Notify Party of Trial Day. The failure of a justice of the peace to notify defendant of the time to which a cause had been continued at defendant's request does not deprive the justice of jurisdiction to render judgment against the defendant.

Headnote 1: 35 C. J. p. 646.

*Appeal from O'Brien District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 27, 1925.

ACTION in equity, to enjoin the enforcement of a judgment entered in the justice of the peace court in an action of forcible entry and detainer. The court below sustained a demurrer to plaintiff's petition, and also a motion to strike an amendment

thereto; and, plaintiff refusing to plead further, judgment dismissing the petition and for costs was entered against him. He appeals.—*Affirmed.*

*Reed Babcock,* for appellant.

*T. E. Diamond,* for appellees.

STEVENS, J.—Appellee E. B. Myers, on February 10, 1924, commenced an action of forcible entry and detainer in justice of the peace court against appellant for the possession of certain real estate in the city of Sheldon. A change of venue was taken to the next nearest justice, who, deeming himself disqualified, on his own motion transferred the papers to another justice, who assumed jurisdiction of the case. On March 5, 1924, appellant forwarded a motion to the justice before whom the case was pending, for a continuance, which was filed on that date. The motion was sustained, and the case set down for trial March 7th. On the date fixed, neither party appeared, but the court entered judgment in favor of the plaintiff, appellee in this court, as prayed.

No notice was given appellant of the time fixed for trial, and he did not learn that judgment had been entered against him until on or about the 21st day of March. Appellant further alleged that an attorney who appeared of record for the plaintiff (Myers) in the justice of the peace court informed him that the plaintiff had decided to abandon the case and to dismiss it and commence an action in the district court. This conversation was set up in an amendment to the original petition, and also made a part of a later amendment, which is denominated an "amended and substituted petition."

Appellant does not ask that the judgment be set aside or that execution be enjoined on the ground that it was obtained by fraud, but contends that notice of the time fixed for trial was essential to the jurisdiction of the court. It would seem to be clear that the statements made by counsel that the plaintiff had decided to abandon and intended to dismiss the case and commence an action in the district court did not have the effect

to deprive the justice of jurisdiction to enter judgment in the case.

The case at bar differs from *Rowley & Co. v. Baugh,* 33 Iowa 201, which, with others, is relied upon by appellant, in that the continuance in that case was by agreement of the parties, and was to an uncertain and indefinite date. *Beck v. Juckett,* 111 Iowa 339, was an action in equity to cancel a judgment entered in the district court upon the ground of fraud alleged to have been committed in its procurement; whereas in *Schiele v. Thede,* 126 Iowa 398, the justice sustained a motion to transfer the cause to the district court, and it was held that he thereby lost jurisdiction of both the subject-matter and the person, and that a judgment subsequently entered by him was void. None of the other cases cited by appellant are in any way decisive of the question before us.

Appellant was, of course, bound to know that a continuance, unless based upon the absence of witnesses, could not be granted for a longer period than three days. Since he had asked that the cause be continued, it was his duty to ascertain to what date the trial had been postponed. It was he who. invoked the machinery of the court to secure a continuance, and he could not sit idly by and wait for the justice to advise him of the day fixed for trial. His situation is exactly the reverse of the aggrieved party in *Rowley & Co. v. Baugh,* supra. The continuance in the case at bar was to a certain and definite time, and appellant, by the exercise of the least diligence, could have familiarized himself with the court's ruling. Furthermore, he knew of the judgment in plenty of time to have appealed therefrom to the district court. The rulings of the court on the demurrer and the motion to dismiss were correct, and the judgment dismissing the petition and taxing the costs to appellant is, accordingly,—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.