LOREN GRAVES, Appellant, v. ELIZA GRAVES, Appellee.

**Divorce:** ALIMONY: APPEAL: PRESUMPTIONS. Where the defendant
1    in a suit for divorce filed a cross-petition and obtained a decree from which no appeal was taken, it will be assumed, on appeal from the allowance of alimony, that plaintiff was guilty of conduct justifying the decree of divorce.

**Same:** FRAUD: ALIMONY. Where the husband in a divorce action
2    against whom alimony was adjudged, by fraud and deception if not by perjury avoided the payment of the alimony, although at the time of the trial he was worth from $900 to $1,500, which he concealed so that the wife who was awarded the custody of the minor child was compelled to employ counsel and reopen the case, taking it twice to the Supreme Court, an allowance of $700 as alimony was not excessive.

*Appeal from Bremer District Court.—* HON. CLIFFORD P. SMITH, Judge.

THURSDAY, MARCH 19, 1908.

THE opinion states the case.— *Affirmed.*

*Sager & Sweet,* for appellant.

*Hageman & Farwell,* for appellee.

WEAVER, J.— The parties to this action were married about the year 1892, and on October 24, 1901, the plaintiff brought an action for divorce from the defendant, who appeared thereto and filed a cross-petition asking like relief against the plaintiff and for alimony. On the hearing of the issues joined the court dismissed the plaintiff's petition and granted the defendant a divorce on her cross-petition, and upon the plaintiff's showing of poverty no judgment for alimony was entered. The defendant was also awarded the custody of the infant daughter of the parties, the only child of their marriage. Thereafter the defendant applied for and obtained a new trial of her claim for alimony on the ground that plaintiff had perpetrated a fraud upon the court in the trial of the principal case, by suppressing and concealing the facts as to his financial condition and ability to contribute to the support of the defendant and of her child. On appeal by plaintiff to this court, the order granting a new trial was affirmed. See *Graves v. Graves,* 132 Iowa, 199. Thereafter the cause came on for hearing in the district court, and the defendant was awarded alimony in the sum of $700. Plaintiff again appeals.

The sole contention of the appellant in argument is that the judgment against him is excessive and inequitable. It is said to be wholly out of just proportion to the appellant's ability to pay, and that, notwithstanding the decree of divorce in defendant's favor, she was largely at fault for the dissension and unhappiness which marked the married life of the parties. We are not disposed to go into a lengthy review of the facts of this part of the controversy. The merits of the grounds of divorce set up by one party in petition and by the other in cross-petition were tried out in the district court, and from

1. DIVORCE:
alimony:
appeal:
presumptions.

the finding there made in defendant's favor no appeal was ever taken. We are therefore bound to assume that the decree was correct, and that plaintiff had been guilty of conduct justifying the dissolution of the marriage relation. Under such circumstances it was clearly equitable that appellant should be required to contribute a reasonable sum for the benefit of the divorced wife and for the support of the infant daughter awarded to her custody.

By fraud and deception, if not by perjury, upon the original trial, the plaintiff avoided such judgment for the time being; and, when the matter was reopened for another

2. SAME: fraud: alimony.

hearing of that question, the evidence tended to show that at the time of the former trial he had money and property to the amount of $900 to $1,500, all of which he had concealed, and that he had such property at the time of the final hearing. When we consider the fact that the divorce was granted because of the appellant's fault, that the custody and care of the child of the marriage was assumed by the wife, that by the appellant's fraud the wife has been compelled to employ counsel to procure a reopening of the decree and to twice follow the cause to this court, we are satisfied that the allowance of. $700, made by the court below, was not excessive.

The decree appealed from was right, and it is *affirmed*.