EMMA GRIFFITH, Appellant, v. MERCHANT'S LIFE ASSOCIATION.

**Judgments:** VACATION OF SAME FOR FRAUD. A judgment procured by
1    fraud preventing the defeated party from pleading and proving
the facts, thereby resulting in injustice, may be set aside on a
timely application.

**Same.** Where a party by statements concerning a transaction with a
2    deceased person, shown by the books of such party to be false,
has misled another in a reliance upon such statements in prose-
cuting an action, and thereby procured a judgment releasing him-
self from an obligation which otherwise might have been en-
forced, the party is guilty of fraud and the judgment may be
set aside on that ground.

*Appeal from Taylor District Court.*—HON. H. K. EVANS,
Judge.

TUESDAY, OCTOBER 25, 1910.

A DEMURRER to a petition for new trial was sustained,
and, the petitioner having elected to stand on the ruling,
the petition was dismissed. The plaintiff appeals.—*Re-
versed.*

*William H. Jackson,* for appellant.

*Haddock & Son* and *Seerley & Clark,* for appellee.

LADD, J.—This is an appeal from the ruling of the
district court in sustaining a demurrer to a petition for
new trial.

It appears that defendant issued a policy of insurance
on the life of Sheridan D. Griffith. The beneficiary was

entitled to recover on a policy of insurance if the assessment dues, amounting to $5.60, payable on or before April 30, 1907, was valid and had been paid. The validity of the assessment was not in issue at the trial, for both the petition and answer alleged that it had become due and should have been paid as above stated. The only issue determined was whether a certain understanding with a local bank which the association had constituted a depository was equivalent to a payment. The present contention that no assessment might properly have been made for that the insured already, had a credit with the association, was not in issue, and therefore the alleged fraud by which plaintiff is said to have been induced not to raise such issue can not be regarded as intrinsic. It did not relate to issues actually presented, but consisted of preventing, by resort to deception, the plaintiff from pleading and proving other facts now alleged to have

1. JUDGMENTS: vacation of same for fraud.

existed, and thereby to have resulted in the miscarriage of justice. Such fraud is extrinsic, and a judgment procured thereby may upon timely application be set aside. See section 4091, Code; *Tucker v. Stewart,* 121 Iowa, 715; Freeman on Judgments, section 489. See *Graves v. Graves,* 132 Iowa, 199.

Nor do we think the pleadings affirmatively show knowledge of the fraud alleged prior to the entry of judgment. True, plaintiff filed an amendment to her petition,

2. SAME.

alleging that defendant claimed to have made the assessment and that the policy had lapsed by reason of the assured's omission to pay the policy, but that assured had a credit with defendant, and it had no right to make the assessment or declare a forfeiture. As the purpose in filing this was to conform the pleadings with the proof, the pleader must have had in mind the transaction with the bank designated as defendant's depository. The petition for new trial contains the above allega-

tion, and in addition thereto others to the effect that to an inquiry of plaintiff's representative, who went from Bedford to Burlington for that purpose, the officers of defendant declared that the assessment was legal and the policy was canceled; that an examination of defendant's books will disclose that assured was not delinquent, and the forfeiture of the policy declared was void; that at the time of the trial plaintiff had no opportunity to inspect the books and records of defendant, although she sought diligently so to do; and that the true state of facts was concealed from her by the fraud and misrepresentations of the defendant.

Conceding these allegations to be true, as we must, in ruling on the demurrer, we have a case where a party, by statement concerning a transaction with a person since deceased, shown by its books to be false, has misled another into reliance thereon in prosecuting an action, and thereby procured a judgment releasing such party from an obligation which otherwise must have been enforced. Surely this amounted to a fraud such as contemplated by statute, and, being extrinsic, if proven, would justify the granting of a new trial.—*Reversed.*